IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 98-484C |
| v. | ) | (Judge Wiese) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY

Pursuant to Rule 7(b) of the rules of this Court, defendant, the United States, respectfully requests that the Court grant us leave to file supplemental authority to support defendant's motion to strike portions of the pleadings filed by the plaintiff, Northern States Power Company ("Northern States"), in response to our motion for partial summary judgment regarding the rate of spent nuclear fuel acceptance. The recent decision of this Court, Power Authority of the State of New York v. United States, No. 00-733C, 2004 WL 2212088 (Fed. Cl. Sept. 30, 2004) (Damich, C.J.) ("NYPA"), provides further support for our motion to strike Northern States' references to settlement documents. A copy of the NYPA decision is attached.[1]

The motion to strike that we filed in NYPA is virtually identical to the motion to strike that we filed in this case. In NYPA, this Court considered the Government's motion to strike the plaintiff's attempt to introduce into evidence the substance of the Department of Energy's ("DOE") settlement agreement with PECO Energy Company ("PECO") in violation of Federal

[1] Even though, by order dated October 5, 2004, the Court has deferred decision upon our motion in this case, the NYPA decision is appropriate for the Court's consideration.

Rule of Evidence 408.[2] In NYPA, the Court held that, "The nexus between the questions of rate and damages is sufficiently close and the factual inquiries so closely intertwined that the purpose and spirit of Rule 408 would be contravened by the admission of the [settlement documents]." Id. at *4. Finally, this Court noted, "[W]hen the applicability of Rule 408 is a close call, the court should lean toward exclusion." Id. (citation omitted)

Because the documents upon which Northern States seeks to rely in this case are identical to those upon which this Court ruled in NYPA, and because our motion to strike in this case is identical to that considered by this Court in NYPA, we respectfully request that the Court grant us leave to file this supplemental authority to support our motion to strike.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

---

[2] In fact, the same pleadings and the references to the same documents are the subject of our motion in this case.

s/ R. Alan Miller
R. ALAN MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 514-4325
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 8, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2004, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Alan Miller