IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-484C<br>(Judge Wiese) |

DEFENDANT'S MOTION FOR LEAVE TO FILE AN INDIVIDUAL STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 28, 2004 ORDER, ORDER, DEFENDANT'S STATUS REPORT, AND DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL STATUS REPORT BY NOVEMBER 11, 2004

Defendant, the United States, respectfully requests leave to file an individual status report in response to this Court's order dated September 28, 2004. Pursuant to that order, the parties are to "file a jointly proposed pretrial schedule for the completion of all activities necessary to the full and complete exposition of the issues in this case." Although plaintiff, Northern States Power Company ("NSP"), has provided the Government with its proposed schedule for pre-trial activities in this case, and the parties have discussed this matter, we are not in a position based upon available information to agree to NSP's proposed schedule. For these reasons, and as will be explained below, we believe that it will be most efficient to allow NSP to provide the Government with its proposed "claim" letter, which NSP has proposed to provide the Government on November 2, 2004, for the Government to evaluate the information in that "claim" letter, and for the Government to propose a pre-trial schedule on November 11, 2004, that takes into account the scope of information provided in that "claim" letter.

In the proposed pre-trial schedule that NSP provided to us in response to the Court's September 28, 2004 order, NSP proposed that, on November 2, 2004, it would submit an "initial

damages 'claim' letter to the Government, to include an order-of-magnitude representation of costs that NSP has incurred and expects to incur as a result of DOE's non-performance" and that damages discovery would commence upon that date. NSP also proposed that it would then provide the Government with its expert reports, along with "complete back-up business records to support each category," on May 1, 2005; that the Government would provide its expert reports on July 15, 2005; and that trial would commence on November 1, 2005. With regard to its proposal to provide expert reports on May 1, 2005, it proposed to inform the Court that "[e]xpert reports detailing each damage category, along with complete back-up business records to support each category, would be provided well before trial but not at the outset of the damages discovery process."

The parties appear to disagree regarding the scope of the type of damages information that is necessary at the outset of discovery to allow the Government efficiently and effectively to conduct discovery, including any accounting-type audit that may be appropriate. Based upon similar "claim" letters that we obtained in the Commonwealth Edison case, we suspect that the type of "'claim' letter" that NSP is proposing – specifically, a letter to the Government that, *inter alia*, specifies the major elements comprising NSP's claim for damages and identifies the individuals at NSP who are most knowledgeable regarding the details of the damages that NSP alleges have been and will be incurred in this case – will not be sufficiently detailed to allow for an efficient evaluation of NSP's case or for efficient discovery. Specifically, we would like to avoid the situation that we faced in Commonwealth Edison, in which the plaintiff ("ComEd") revised its initial "claim" letter on at least two occasions over the course of several months, each time rendering much of the work of the Government and the Government's experts useless and

requiring the Government's experts to refocus their work upon new damages numbers and scenarios. In addition, the Government and its experts spent substantial time and effort attempting to divine the support for ComEd's claims from among thousands of documents that ComEd produced. Without a detailed identification of the damages numbers that the plaintiff will claim and identification of the specific support in audit workpapers or company accounting records for those claimed dollars, we will be unable to conduct a focused audit of the plaintiff's claim. If we do not obtain such information at the outset of discovery, we will have no choice but to conduct a broad financial analysis and audit, much of which likely will become unnecessary when the actual detailed claim (through the expert reports) is produced. Moreover, it is unclear whether NSP will provide the Government with the information and documents that support NSP's damages prior to May 1, 2005, or whether NSP intends to defer the information that would have to be provided with its initial disclosures pursuant to RCFC 26(a)(1)(B) and (C) until that date.

At the present time, we can only speculate about the degree of detail that NSP's "'claim' letter" will provide. Because NSP has indicated its expectation of providing the Government with its claim letter by November 2, 2004, we believe it most appropriate to obtain NSP's claim letter, analyze it, and identify from that information (in consultation with consultants with an expertise in financial auditing) a schedule that we believe would be appropriate for discovery and other pre-trial matters. Depending upon the level of detail provided by NSP's claim letter, we may be able to identify ways in which discovery or information sharing can be expedited or staggered. In any event, we will be able to support any proposed schedule by reference to the specific information that we possess (as identified in the claim letter) and the information that

appears to be missing. Assuming that NSP provides us with its claim letter on November 2, 2004, we respectfully request that the Court allow us to file our own proposed pre-trial schedule with the Court on November 11, 2004, in which we will be able to make more informed recommendations based upon the substantive information provided to us by NSP.

For the foregoing reasons, we respectfully request that the Court adopt NSP's suggestion that it will provide the Government with a "'claim' letter" by November 2, 2004; that the Government be permitted to review and evaluate that claim letter; and that the Government be permitted to submit its own proposed pre-trial schedule, based upon its evaluation of the materials in that claim letter, by November 11, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ R. Alan Miller
R. ALAN MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288
FAX: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

October 28, 2004

CERTIFICATE OF FILING

I hereby certify that on this 28th day of October 2004, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE AN INDIVIDUAL STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 28, 2004 ORDER, ORDER, DEFENDANT'S STATUS REPORT, AND DEFENDANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL STATUS REPORT BY NOVEMBER 11, 2004" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.