IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Electronically Filed on March 18, 2005)

| | |
|---|---|
| **NORTHERN STATES POWER COMPANY**, Plaintiff, | |
| v. | No. 98-484C (Senior Judge Wiese) |
| **THE UNITED STATES**, Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR CLARIFICATION OF MARCH 3, 2005 ORDER**

Pursuant to RCFC 6, 6.1, & 7, Plaintiff Northern States Power Company ("NSP") respectfully submits this motion (1) for an enlargement of time to submit its auditable claim letter with detailed supporting documentation, (2) for a postponement of the status conference scheduled for April 14, 2005 to June 16, 2005 (or some other convenient date for the Court), and (3) for clarification regarding the Court's March 3, 2005 Order Regarding Initial Pretrial Procedures.

NSP requests an enlargement of time of 60 days from April 1, 2005 through June 1, 2005 to file its claim letter. Correspondingly, NSP requests that the Court reschedule the April 14, 2005 status conference for June 16, 2005 (or some other convenient date for the Court). This is NSP's first request for an enlargement of time for this purpose. Counsel for the Government, Harold D. Lester, Jr., has stated that the Government does not oppose this motion.

NSP needs this additional time to compile the detailed back-up information for its claim letter. In this regard, NSP presently expects to produce between 20 to 30 binders of invoices, checks, contracts, and other information identifying its past incurred costs, which NSP contends

are directly attributable to the Department of Energy's breach of its contracts with NSP. This information has been more difficult to assemble than originally expected because NSP has changed accounting systems several times in the past five years. Due to these changes, the relevant documentation is far more dispersed, and difficult to retrieve, than NSP expected. Additionally, since August 7, 2000, NSP has utilized an affiliated entity, Nuclear Management Company, to operate its nuclear plants and related facilities. This corporate restructuring required the transfer and exchange of various relevant documents between facilities, which documents are currently being located and assembled for the claim letter. Finally, NSP is currently in the midst of regulatory proceedings before the Minnesota Public Utility Commission to gain approval to build a dry storage facility at the Monticello nuclear power station. This activity has diverted NSP personnel and delayed NSP from compiling the incurred costs documentation for the instant case.

NSP also requests that the Court postpone the April 14, 2005 status conference to June 16, 2005 (or another convenient date for the Court). The parties and the Court set the April 14, 2005 status conference as an opportunity to discuss a pre-trial schedule and trial date based on the Government's initial review of NSP's claim letter. If NSP's motion for an enlargement of time to submit its claim letter is granted, then the status conference should be similarly moved to a date after NSP has submitted the claim letter. Thereby, the Court and the parties will still have a status conference to set forth a pre-trial schedule and trial after providing the Government with the opportunity to review NSP's claim letter. Counsel for the Government has consented to the June 16, 2005 status conference date proposed herein.

This motion also seeks clarification regarding a related issue, namely the extent of information to be provided with the claim letter. In the March 3, 2005 Order, the Court states

that NSP's claim letter must identify "all costs that plaintiff is seeking to recover in this action." NSP requests clarification of the term "all costs." Based on the various status conferences that have been conducted and the parties' December 7, 2004 Joint Status Report, NSP understood that its claim letter was to include only past, historical costs above a threshold figure of $5,000 that form part of NSP's overall damages claim. As also discussed by the parties and the Court during several status conferences and in the Joint Status Report, NSP understood that it would provide costs or damages to be incurred in the future as part of its expert witness reports, which expert reports will be submitted as part of a comprehensive pre-trial schedule that has not yet been established. NSP respectfully requests that the Court clarify that it only requires NSP's claim letter to identify and provide back-up documentation for its *past incurred* costs above a threshold of $5,000, and that its complete damages claim will be presented in expert reports at a future date to be determined by the parties and the Court.

## CONCLUSION

For the foregoing reasons, NSP respectfully requests an enlargement of time of 60 days from April 1, 2005 through June 1, 2005 to file its claim letter, that the Court reschedule the April 14, 2005 status conference for June 16, 2005 (or some other convenient date for the Court), and clarify that NSP only has to identify past incurred costs above a threshold of $5,000 as part of its claim letter submission on June 1, 2005.

Dated: March 18, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Walter F. Zenner
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1319288 v.3