IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, Plaintiff, | ) | |
| v. | ) | No. 98-484C (Judge Wiese) |
| UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR CLARIFICATION OF MARCH 3, 2005 ORDER

Defendant, the United States, respectfully responds to "Plaintiff's Unopposed Motion For Enlargement Of Time And Motion For Clarification Of March 3, 2005," which plaintiff, Northern States Power Company ("NSP"), filed on March 18, 2005. As NSP represented in its motion for an enlargement, we do not oppose NSP's request to modify the due date for its claim letter or the date for the parties' status conference with the Court. However, with respect to NSP's request for "clarification" of the information that it is to disclose to the Government as part of its claim letter, we respond below.

NSP requests that the Court "clarify" that NSP need not identify or disclose to the Government any future damages that it is going to seek in this litigation until some future date when it provides the Government with its expert witness reports. NSP requests that, as part of the disclosures that the Government will then audit and upon which it will take discovery to develop its defense to NSP's claims, NSP be required only to disclose those past incurred costs that it intends to seek in this litigation. NSP has not proposed any date by which it expects to provide the Government with any disclosure regarding those additional costs that it expects to incur in the future and that it intends to seek as damages in this litigation.

The procedure that NSP has proposed is flawed and either will require the Government to engage in two separate rounds of discovery and audit or, alternatively, will prejudice the Government's ability actually to audit and take discovery upon NSP's future damages. Many future damages, we presume, will be a continuation of costs that NSP will be claiming as "past incurred costs." Yet, without disclosure of the future costs and damages that will be claimed, we cannot take full fact discovery relating to those undisclosed and unidentified costs. Further, without disclosure of future damages at the outset of damages discovery, we will have to guess regarding the types, scope, and amounts of future damages that NSP will be claiming. That would lead a potentially inefficient discovery process through which the Government may have to engage in extensive discovery regarding possible future damages that, later, we will learn are not being claimed in the litigation and through which the Government may fail to take discovery regarding certain claims that we did not anticipate. The Government should not be placed in a position of having to guess at what NSP's damages claims are going to be while taking discovery. Instead, NSP should disclose its damages claims, and the Government's discovery and audit can focus upon those particular claims.

We have already seen the problems that arise when a plaintiff in a spent nuclear fuel case delays its disclosure of its future damages claims. The plaintiffs in Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.) (Merow, S.J.), were required by court orders to disclose to the Government, at the outset of the damages phase of litigation, "all specific damage sums claimed and all record support for the claimed sums in the form of schedules." The Court ordered this disclosure prior to the commencement of discovery to allow the audit process and discovery to proceed from those disclosures, and supplementation was only to be allowed "to an

extent consistent with fully accomplishing the verification process during the pretrial period." Despite the Court's orders, the plaintiffs did not provide the Government with anything but a minor amount of information regarding their proposed future damages through 2010, and provided no information regarding future damages beyond 2010, until their expert reports were produced. With their expert reports on January 31, 2005, the plaintiffs in Southern Nuclear identified approximately $66 million in additional damages claims (the large majority of which related to future damages) and $34 million in new "offsets" (which, again, were significantly related to future damages), produced more than 250 new supporting schedules (including a complicated 90-page damages model, schedules that detailed the plaintiffs' alleged damages, schedules that set forth manpower analyses, schedules that supported underlying labor rates, cost of capital, and escalation factors, and schedules that detailed each plaintiff's fuel management issues), and produced 17 new binders and nearly 3,000 pages of new information that detailed and supported their damages claim. Yet, under the orders in place in Southern Nuclear, the Government was supposed to provide its responsive expert reports within 30 days after this disclosure. Because of the failure of the plaintiffs in Southern Nuclear to abide by the requirements of the Court's disclosure orders, we have had no choice but to seek a significant enlargement in that case to allow us to investigate and take new discovery regarding the plaintiffs' extensive future damages claim.

We hope to preclude here the inefficiency and potential for prejudice that has occurred in Southern Nuclear. The proposal that NSP be allowed to withhold information about what we assume will be significant future damages claims until a late point in the litigation will make it impossible for the Government to predict the amount of time that will ultimately be necessary to

audit and develop a response to NSP's damages claims. As the Court is aware, soon after we receive NSP's damages claim, we are to report to the Court the amount of time that we believe will be necessary to audit and complete discovery regarding that claim. Yet, without full disclosure of all of NSP's damages claims, it is currently unclear how we can make a reasoned estimate.

Further, assuming that NSP's proposal is similar to the manner in which the plaintiffs in Southern Nuclear presented their future damages claims, NSP apparently proposes to require the Government to take its discovery upon NSP's past damages claims and to audit those claims while, at the same time, the Government is attempting to guess what NSP's future damages claims might be. Then, at a relatively late point in the litigation, after the bulk (if not all) of the Government's time for fact discovery is over, NSP will disclose its potentially extensive future damages claims and will require the Government to respond to them without adequate time for discovery and audit. NSP's attempt to bifurcate its damages disclosures, and to require the Government to conduct two audits and engage in two fact discovery phases[1] (one for past damages and one for future damages) should not be permitted. Further, given our experience in the Southern Nuclear case, we can only presume that NSP would attempt to truncate the time that we would have to investigate these future damages claims, once disclosed, potentially

---

1/ To the extent that NSP contends that its future damages claims will be wholly the product of expert testimony, we have already seen through Judge Hodges' final decision in Indiana Michigan Power Co. v. United States, No. 98-483C (Fed. Cl.), that factual information from company documents and witnesses regarding the utility's plans for the future, its company policies, and its anticipated future production of nuclear power are all extremely important in analyzing claims for future damages. Although any analysis of future damages in these cases requires abject speculation about future events both at the utility and outside the utility, a utility's expert witnesses cannot purport to opine about future damages at the utility without a detailed understanding of underlying facts of this nature.

eliminating the Government's ability to take any meaningful discovery upon NSP's future damages claims. We believe that NSP's damages disclosures, at the outset of the audit and discovery process, should fully disclose not only past damages claims that NSP intends to pursue, but a full disclosure of NSP's future damages claims. Without such disclosure, the Government will have to engage in an inefficient discovery process that will be more time-consuming and costly than one in which full disclosure of damages claims occurs prior to discovery.[2]

For the foregoing reasons, although we do not oppose NSP's requests for enlargements of time for its damages disclosures and a subsequent status conference, we respectfully request that the Court reject NSP's efforts to defer its future damages disclosures until a later point in the litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

---

[2] In its motion for clarification, NSP also states that, based upon its understanding, its claim letter need not include any costs under $5,000 that it seeks to recover in this litigation. Although NSP might not need to provide documentary support for claims below $5,000 as part of its initial damages disclosures, we request that NSP actually identify all of the damages that it intends to claim in this litigation as part of its disclosures, regardless of whether it provides support for those costs.

s/ R. Alan Miller
R. ALAN MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

March 21, 2005

CERTIFICATE OF FILING

I hereby certify that on this 21st day of March 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR CLARIFICATION OF MARCH 3, 2005 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.