**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on March 23, 2005)

| | | |
|---|---|---|
| **NORTHERN STATES POWER COMPANY,** Plaintiff, v. **THE UNITED STATES,** Defendant. | ) | No. 98-484C (Senior Judge Wiese) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS UNOPPOSED MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR CLARIFICATION OF MARCH 3, 2005 ORDER AND MOTION FOR STATUS CONFERENCE**

Pursuant to RCFC 6, 6.1, & 7, Plaintiff Northern States Power Company ("NSP") respectfully submits this reply in support of its motion for an enlargement of time and motion for clarification of the Court's March 3, 2005 Order. In Defendant's Response to Plaintiff's Motion for Enlargement of Time and Motion for Clarification of March 3, 2005 Order ("Gov't Resp."), the United States (the "Government") does not oppose the motion for enlargement of time for NSP to submit its claim letter (and the corresponding enlargement for the status conference), but the Government surprisingly opposes NSP's motion for clarification. NSP requests that the Court convene a telephonic status conference to discuss the motion for clarification.

Contrary to the Government's assertions in its response, NSP does not expect the Government to conduct its discovery and audit without having the benefit of NSP's future damages claims. (NSP had presumed, however, that its auditable claim letter would provide information that the Government might find useful for purposes of at least initiating discovery, *e.g.*, documents related to dry storage projects.) Nor does NSP plan to "withhold" these damages figures until a "late point" in the litigation, as the Government asserts. Gov't Resp. at 3.

Contrary to the Government's concerns, NSP plans to provide its expert reports addressing, *inter alia*, all of its future damages within one to two months after submitting its claim letter (as discussed during various status conferences). The Government's assertions that NSP "has not proposed any date" to submit its future damages amounts is unfounded. Gov't Resp. at 1. Indeed, NSP proposed a comprehensive pre-trial schedule, to which the Government objected.[1]

Nevertheless, the Government opposes NSP's motion for clarification, arguing that NSP should provide all of its damages claims as part of its auditable claim letter rather than just its past incurred costs. NSP did not understand that to be the agreement reached by the parties and the Court. In the December 7, 2004 Joint Status Report, the parties agreed that the auditable claim letter would serve to provide information regarding NSP's costs incurred to date, such that the Government could audit and evaluate that information. *See* Joint Status Report at 1 ("The purpose of the claim letter is to enable the Government to understand the components of NSP's claim and the *costs incurred to date* by NSP which it contends are attributable to the Government's breach, *with the goal of enabling the parties to stipulate prior to trial as to the amount of costs incurred* (the Government reserves its rights to contest that any costs are properly attributable to the Government).") (emphasis added). The Joint Status Report and the subsequent status conferences also confirmed that NSP's auditable claim letter would not constitute NSP's expert reports, the submission of which would be scheduled at a status

[1] In its October 28, 2004 Status Report at 2, NSP proposed disclosure of NSP's general categories of damages and the amounts attributable to each category through the normal RCFC 26 process and a complete pre-trial schedule. In the Government's October 28, 2004 filing, however, the Government objected to this approach, preferring that NSP submit an auditable claim with back-up information prior to the Government agreeing to any comprehensive schedule. *See generally* Defendant's Motion for Leave to File an Individual Status Report in Response to the Court's September 28, 2004 Order, Order, Defendant's Status Report, and Defendant's Motion for Leave to File a Supplemental Status Report by November 11, 2004 at 2-3 ("October 28 Gov't Status Report").

conference setting forth a complete pre-trial schedule. *See id.* at 2. Thus, NSP understood the parties and the Court to have agreed that (1) NSP would submit an auditable claim letter providing its past incurred costs with back-up documentation for all costs above a threshold of $5,000, (2) the Court would convene a status conference within two weeks to set a pre-trial schedule per the Government's request, and (3) NSP would submit its expert reports (with back-up documentation) detailing its future damages within one to two months after submission of the auditable claim letter with the exact due date to be set as part of the pre-trial schedule.

In lieu of submitting an auditable claim letter – which NSP understood both the Government and the Court to request – NSP is prepared to submit expert reports detailing both its past and future damages. NSP would be prepared to submit those damages reports on August 1, 2005 (rather than June 1, 2005 for only the auditable claim letter) with a status conference to be scheduled within two weeks thereafter to establish a complete pre-trial schedule.

## CONCLUSION

NSP believed that the parties and the Court had agreed that NSP would first submit its auditable claim letter for past incurred costs and, within two weeks, convene a status conference to establish the remaining pre-trial schedule. NSP requests that the Court convene a telephonic status conference to resolve the apparent disagreement that has arisen between NSP and the Government.

Dated: March 23, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Walter F. Zenner
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1319773 v.2