**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed August 1, 2005)

| | |
|---|---|
| **NORTHERN STATES POWER COMPANY,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 98-484C (Senior Judge Wiese) |

**MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL AND REQUEST FOR ORDER REGARDING CERTAIN FUTURE DAMAGES**

Pursuant to RCFC 7, General Order No. 42a, ¶ 7, this Court's March 30, 2005 Order, and the May 9, 2002 Coordinated Discovery Protective Order ¶¶ 6-7 ("Protective Order"), Plaintiff Northern States Power Company ("NSP") respectfully requests leave to file under seal the following three expert reports: (1) Assessment of Damages, Northern States Power's Spent Nuclear Fuel Claim; (2) Expert Report Regarding Determination of the U.S. Department of Energy's Overall Spent Nuclear Fuel Acceptance Rate; and (3) Expert Report Regarding Spent Nuclear Fuel Acceptance Rights for Northern States Power Company's Prairie Island and Monticello Plants. Additionally, NSP requests an order from the Court recognizing NSP's reservation of its right to return to this Court for additional damages outside of the period covered by the damages reports it seeks to file under seal.

## I. MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL

The Protective Order governing this case allows a party to request an order placing documents under seal and limiting access to the confidential material to only the Court, the Court's employees, and counsel for the parties (and their agents). Protective Order ¶¶ 6-7. NSP requests this protection and requests that the three expert reports be placed under seal, because

they include descriptions of and references to NSP's proprietary and confidential business information.

Furthermore, General Order No. 42a, ¶ 7, notes that "documents to be placed under seal shall not be filed electronically unless and until authorized by the assigned judge." Furthermore, General Order No. 42a also states that "[a] motion to file documents under seal may be filed electronically, unless prohibited by law. The documents to be filed under seal shall not be attached to the motion, but shall be filed after the motion is granted." *Id.*

Consistent with General Order No. 42a's language, NSP files this motion for leave to file its three expert reports under seal and will await a Court order to file these three expert reports with the Court (although it has arranged to provide chambers with a courtesy copy and will serve the Government with a copy this date). These three expert reports constitute NSP's response to the Court's March 30, 2005 order, in which the Court clarified that NSP produce a "claim letter" with both its past and future damages. To the extent that this Court prefers to file these documents under seal electronically (as opposed to physically over-the-counter in the Clerk's office), NSP also requests leave to file electronic files exceeding 2 megabytes in size. *See* General Order 42a, ¶ 4.[1] Thus, NSP respectfully requests leave to file its three expert reports under seal.

## II. MOTION FOR ORDER RESERVING NSP'S RIGHT TO BRING IN A FUTURE SUIT CERTAIN DAMAGES CLAIMS

NSP requests that this Court issue an order reserving NSP's right to bring a future suit for damages not covered by the three expert reports to be submitted under seal. In particular, NSP has limited its damages claim to those damages it will incur through 2020, with the presumption

[1] Based on several status conference calls with the Court, counsel for NSP intends to provide the Court with only the expert reports; the supporting documentation will not be filed with the Court, but we expect it to be provided to the Government on August 2, 2005.

that the Government will commence its obligation to begin removal of spent nuclear fuel ("SNF") in 2012. To the extent the Government fails to begin performance in 2012 or NSP incurs further damages after 2020, NSP seeks an order to reserve its right to bring a further suit.[2]

Several other Judges of this Court have recognized a utility's right to return to pursue additional damages based on the Government's future additional delay in commencing performance. For example, in *Southern Nuclear Operating Co. v. United States*, No. 98-614C, Judge Merow has entered an order recognizing the utility plaintiffs' right to bring future suits for damages not pursued (or not yet having occurred). *See Southern Nuclear* Order at 2 (Dec. 20, 2004) ("Further delay, if any, in DOE's performance of its SNF disposal obligation beyond 2010, would comprise a separate breach of contract, not part of the instant case.") (Attachment 1); *see also Yankee Atomic Elec. Co. v. United States,* No. 98-126, 2004 WL 1535688 (Fed. Cl. June 28, 2004). Additionally, Judge Merow's *Southern Nuclear* order recognizes utility plaintiffs' right to seek damages based on the period during which the Government has acknowledged it will not perform for any damages that stretch through 2020 based on the Government's failure to perform between 1998 and 2010. NSP requests similar recognition from this Court, with the sole difference being that NSP has based its damages claim on the Government commencing performance in 2012, not 2010. Statements and actions by DOE officials since Judge Merow issued his order in December 2004 confirm that the Government will not begin performance by 2010 and is unlikely to commence performance prior to 2012, at the earliest.

---

[2] Should the Government fail to begin performance in 2012, NSP will incur significantly increased damages, a substantial portion of which will be incurred prior to 2020.

In this regard, the Restatement (Second) of Judgments provides the Court with the ability to enter an order reserving NSP's rights to bring a future case if the Government fails to begin performance in 2012 or NSP incurs further damages after 2020 based on the current continuing breach. In particular, the Restatement recognizes that the general rule of merger and bar "does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant" where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b). Judge Lettow has invoked this section of the Restatement (Second) of Judgments, *inter alia*, in other SNF cases, to allow other utility plaintiffs to return to this Court. *See Tenn. Valley Auth. v. United States*, 60 Fed. Cl. 665, 677-78 (2004); *see also Sys. Fuels, Inc. v. United States*, 65 Fed. Cl. 163, 176-77 (2005); *Entergy Nuclear Indian Point 2, LLC v. United States*, 64 Fed. Cl. 515, 525-26 (2005); *Entergy Nuclear Generation Co. v. United States*, 64 Fed. Cl. 336, 345-46 (2005). Thus, NSP requests that the Court enter an order reserving NSP's rights to bring a future case if the Government fails to begin performance in 2012 or NSP incurs further damages after 2020 based on its current claims by invoking the Restatement.

## CONCLUSION

For the foregoing reasons, NSP respectfully requests this Court (1) to grant it leave to file its expert reports under seal (either electronically or physically over-the-counter in the Clerk's office) and (2) to grant NSP's motion for an order recognizing NSP's right to bring in a future suit claims for damages resulting from DOE's failure to begin picking up SNF in 2012 or for damages incurred by NSP after 2020.

Dated: August 1, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Walter F. Zenner
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1329097 v.3