# In the United States Court of Federal Claims

No. 98-614C
(Filed December 20, 2004)

| | |
|---|---|
| ****************************** | |
| SOUTHERN NUCLEAR | * |
| OPERATING COMPANY, | * |
| ALABAMA POWER COMPANY, | * |
| GEORGIA POWER COMPANY, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| ****************************** | |

**ORDER**

This matter comes before the court on plaintiffs' Motion for an Order Regarding Subsequent Damages Actions, filed September 1, 2004, defendant's Response and Cross-Motion for Summary Judgment Regarding Pre-Breach and Future Damages, filed October 1, 2004, and the subsequent responses to these submissions filed by the parties.

The issue raised by the cited submissions is the scope of the trial ordered in this case with respect to damages stemming from the failure of the Department of Energy ("DOE") to commence removal of Spent Nuclear Fuel ("SNF") by no later than January 31, 1998.

Plaintiffs seek an order recognizing that the scope of this case involves damages for DOE's failure to remove SNF through December 31, 2009, which failure can engender damage items incurred through December 31, 2020. For any breach by DOE in its SNF removal obligation occurring on or after January 1, 2010, plaintiffs seek an

order recognizing their right to file a subsequent complaint, and also seek an order removing any statute of limitation concerns such a subsequent suit(s) might generate.

Defendant, consistent with its litigation position that DOE's SNF removal obligation arises only upon DOE's approval of a delivery commitment schedule ("DCS") for a specific quantity of SNF, opposes plaintiffs' Motion. Instead, defendant seeks recognition that the trial in this case will encompass damages only for, and subsequent to, a series of partial breaches of contract stemming from DOE's failure to remove SNF in quantities on approved DCSs. Accordingly, defendant seeks an order limiting the scope of trial to damages incurred after January 31, 1998, until July 29, 1998, the date the Complaint was filed – a 179-day period. Alternatively, defendant suggests the trial date as a damages terminus. Defendant has no objection to successive suits for any future failures by DOE timely to remove plaintiffs' SNF included on an approved DCS.

At this pretrial stage in the proceedings we are concerned with the extent of the evidence to be submitted at trial by the parties, not whether any particular damage items will or will not be included in the final judgment to be entered following trial proceedings and post-trial briefing.

For the reasons expressed in the undersigned's Order in *Yankee Atomic Electric Co. v. United States*, No. 98-126, 2004 WL 1535688 (Fed. Cl. June 28, 2004), evidence as to claimed damage items occurring prior to January 31, 1998, will not be excluded solely because the cost or obligation was incurred prior to the final statutory and contractual deadline for DOE to begin to dispose of high-level radioactive waste ("HLW") or SNF. *See* 42 U.S.C. § 10222(a)(5)(B). Similarly, given DOE's repeated past representations that performance of its SNF disposal obligation will commence in 2010, the current litigation involves damages asserted to be incurred as a result of the breach of contract represented by DOE's performance delay until 2010. Further delay, if any, in DOE's performance of its SNF disposal obligation beyond 2010, would comprise a separate breach of contract, not part of the instant case.

Accordingly, each party is free to propose the evidence supporting its theory of this case. Defendant will undoubtedly propose evidence supporting its DCS-related theory of damages and the limitations resulting therefrom. Plaintiffs will propose the evidence supporting their theory for the damages claimed, tied to DOE's performance delay encompassing a period preceding January 31, 1998 until 2010,

albeit with some cost implications for this delay period extending until 2020. For pretrial discovery each party's proposed evidence must be disclosed and is subject to evaluation and verification.

In the circumstances of this complex litigation, involving performance and lack of performance of long-term contracts, it is not contemplated that the introduction of evidence relevant to the monetary impact of DOE's current performance delay until 2010 will be artificially restricted by theoretical damage concepts involving what may, in the regulatory climate which exists for storage or transfer of highly radioactive materials, be an illusionary dichotomy between total and partial breach of contract. The ultimate question to resolve is the extent of the financial obligation which the United States must reasonably bear for the continued failure by DOE to begin to dispose of plaintiffs' HLW or SNF commencing no later than January 31, 1998 and extending to 2010.

Accordingly, it is **ORDERED**:

(1) Plaintiffs' motion, filed September 1, 2004, shall be **GRANTED** to the extent that:

> (a) evidence shall be received in this litigation addressed to the monetary damages plaintiffs claim to be appropriately tied to the period of DOE's current performance delay until 2010, including cost or monetary ramifications thereof extending to 2020; and
>
> (b) any DOE delay in its obligation to dispose of plaintiffs' HLW or SNF occurring after 2010 shall comprise a separate cause of action accruing then, and not comprising a part of the current litigation;

(2) Defendant's cross-motion, filed October 1, 2004, shall be **DENIED**, without prejudice to the appropriate reassertion of the arguments presented in post-trial briefing;

(3) Except as so granted above, the parties' cited motions shall be, otherwise, **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge