**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 27, 2006)

| | | |
|---|---|---|
| **NORTHERN STATES POWER COMPANY**, Plaintiff, | ) | |
| v. | ) | No. 98-484C (Senior Judge Wiese) |
| **THE UNITED STATES**, Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff Northern States Power Company ("NSP") respectfully requests leave from the Court to file an amended and supplemental complaint (attached hereto at Exhibit A) pursuant to RCFC 15(a) and RCFC 15(d). An amended and supplemental complaint is necessary for NSP to update its pleadings and specify the damages through December 2004 that have directly resulted from Defendant's (the "Government") continuing breach of NSP's Standard Contracts since NSP filed its First Amended Complaint in December 2000. For reasons explained below, NSP's Second Amended Complaint and Supplemental Complaint relates to the same causes of action originally pleaded (and subsequently amended) in this case. Hence, in the interests of justice and to facilitate the "speedy and inexpensive determination" of this action,[1] this motion for leave – the substance of which is not opposed by the Government – should be granted.[2]

[1] See RCFC 1.

[2] Counsel for the Government has represented that the Government does not oppose this motion to the extent that NSP has proposed a December 31, 2004 cutoff date for damages in the instant action. Indeed, the parties have reached agreement in principle on establishing reasonable cutoff dates for damages in other cases. See Florida Power & Light Co. v. United States, No. 98-483C (Baskir, J.) (November 30, 2005 cutoff date); System Fuels, Inc. v. United

## BACKGROUND

NSP filed its original complaint in this action on June 9, 1998, alleging a partial breach of contract and a breach of the implied covenant of good faith and fair dealing. Complaint ¶¶ 21-29. On August 31, 1998, NSP moved for summary judgment on its partial breach count. The Court, however, dismissed NSP's Complaint, holding that NSP's contract with the U.S. Department of Energy ("DOE") provided NSP with an adequate remedy for the issues raised by the Complaint. The Court further held that NSP was required to pursue its administrative remedies under the contract with DOE and could not bring a breach of contract suit for damages in this Court.

NSP appealed the Court's decision to dismiss the Complaint to the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit"). On August 31, 2000, the Federal Circuit reversed the Court's dismissal of NSP's Complaint. Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). On that same date, the Federal Circuit also held in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000), that DOE breached its contract with the utility plaintiffs in that case and all other utilities that had signed the Standard Contract.

Based on these companion decisions of the Federal Circuit, NSP renewed its motion for summary judgment on liability for breach of contract on December 26, 2000. NSP also filed on that same date an amended complaint to allege a taking without just compensation in addition to its two breach counts.[3] First Amended Complaint ¶¶ 31-34. On July 19, 2001, the Court issued an order directing the Government to "show cause why a liability determination against the government should not be entered in this case." Shortly after the Government filed its July 27,

States, No. 03-2624C (Braden, J.) (August 31, 2005 cutoff date). NSP understands, however, that the Government reserves its right to respond to this motion.

[3] NSP moved for leave to file its First Amended Complaint, which leave the Court granted on February 2, 2001.

2001 response to the show cause order, the Court granted NSP's renewed motion for summary judgment on liability for partial breach of contract. See July 31, 2001 Order.

In September 2005, the Federal Circuit held in another spent nuclear fuel damages case that, in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but that plaintiff's damages "were limited to those costs incurred prior to the date of its suit." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005). Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id. The Federal Circuit also held, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." Id. at 1376 (emphasis added). Despite this apparently conflicting language about the type of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue and thus this Court must now address whether costs that a plaintiff incurs between the filing of its complaint and the time of trial are recoverable in the instant action.[4]

Since the Federal Circuit's decision, it has become apparent that plaintiff utilities and the Government disagree about the effect of Indiana Michigan on the recoverability, as a matter of law, of post-complaint/pre-trial damages in other spent nuclear fuel cases. For example, counsel for the Government in a letter to the plaintiffs in Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.)[5] requested that they

---

[4] The plaintiff in Indiana Michigan filed a petition for panel rehearing seeking clarification on the recoverability of post-complaint/pre-trial damages. On November 28, 2005, the Federal Circuit denied this petition without further comment, and its mandate issued on December 2, 2005.

[5] The plaintiffs in Southern Nuclear filed their action against the Government in 1998. The damages trial in that case commenced in October 2005, which proceedings are currently adjourned (with its resumption currently scheduled for January 30, 2006).

> file a new complaint in advance of trial, seeking damages through December 31, 2004. We will agree to the consolidation of the new action and the pending action for trial in October [2005]. Moreover, we will agree that damages that have arisen under the new complaint will be litigated through December 31, 2004. We will agree that any actual costs incurred between January 1, 2005, and the date of the new complaint can be included in a new complaint filed in the future in accordance with the appellate court's decision in Indiana Michigan.

September 16, 2005 Letter from John C. Ekman to M. Stanford Blanton (attached hereto at Exhibit B). The Government's letter suggests that the Government believes the Southern Nuclear plaintiffs may not recover damages incurred since their 1998 complaint without the filing of a new complaint coupled with a motion to consolidate.[6] Similarly, counsel for the Government recently sent a letter to counsel for the plaintiff in System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.) stating that

> [b]ecause the Federal Circuit denied [Indiana Michigan's] petition, we understand the Indiana Michigan decision to be settled law in this case. Thus, the damages that [plaintiff] SFI may claim here are only those damages that have been incurred as of 'the time of the institution of the action' . . . In this case, because the SFI complaint was filed on November 5, 2003, the trial of this case should only consider those damages incurred through November 5, 2003.

December 5, 2005 Letter from Sharon A. Snyder to Alex D. Tomaszczuk (attached hereto at Exhibit C) (citation omitted). The Government has also argued in Pacific Gas & Elec. Co. v. United States, No. 04-0074C (Hewitt, J.) that this Court has the discretion to deny leave where a utility plaintiff seeks to file a supplemental complaint pleading damages incurred after the original complaint. Defendant's Response To Plaintiff's Motion for Clarification or Reconsideration on Discovery at 13 n.8 (Dec. 14, 2005) (excerpt attached hereto at Exhibit D). Lastly, the Government has stated that Indiana Michigan precludes the plaintiffs in Yankee

[6] In response to the Government's letter, the Southern Nuclear plaintiffs recently filed a motion for leave to file an amended and supplemental complaint to seek damages incurred after July 1998 and through December 31, 2004. The Government's response to this motion for leave has been deferred until after completion of the Southern Nuclear trial.

Atomic Elec. Co. v. United States, Connecticut Yankee Atomic Power Co. v. United States, and Maine Yankee Atomic Power Co. v. United States, Nos. 98-126C, 98-154C, and 98-474C (Merow, S.J.) from recovering *any* damages that post-date the filing of their complaints. Defendant's Brief Concerning The Effect Of *Indiana Michigan* Upon The Damages That May Be Considered In This Litigation at 5 (Dec. 6, 2005) (excerpt attached hereto at Exhibit E).

Notwithstanding the seemingly disparate positions that the Government has taken with regard to the recovery of post-complaint damages, NSP disagrees with the Government's interpretation of Indiana Michigan as stated or suggested in these other spent nuclear fuel damages cases, and believes that its post-complaint/pre-trial damages are recoverable in the instant action. NSP seeks leave now to amend and supplement its complaint and plead such damages through December 2004. As alleged in the attached Amended and Supplemental Complaint, NSP has incurred significant costs since June 1998 as a result of the Government's breach of the Standard Contract. Exhibit A at ¶¶ 36-37. Moreover, as detailed below, NSP's Second Amended Complaint and Supplemental Complaint is related to the previous complaints it filed in this case. Hence, NSP should be permitted to amend and supplement its pleadings under RCFC 15(a) and RCFC 15(d), and this motion for leave should be granted.

## **DISCUSSION**

The Federal Circuit's decision in Indiana Michigan does not foreclose the use of this Court's rules governing amended and supplemental pleadings that allow a plaintiff to update its damages claims prior to trial. Indeed, RCFC 15(d) permits a party to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" in a supplemental pleading. The purpose of this rule is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims

that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982).

The Federal Circuit under Rule 15(d) has permitted plaintiffs to file supplemental complaints to plead facts that relate back[7] to the original complaint. Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). In particular, if the supplemental complaint "relates to the same cause of action originally pleaded, it would be an abuse of discretion to deny the amendment." Id. at 1129 (citing Griffin v. School Board, 377 U.S. 218, 227 (1964)).

RCFC 15(a) also provides, in pertinent part, that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has noted that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

NSP's Second Amended Complaint and Supplemental Complaint, by its terms, relates to the same causes of action originally pleaded (and subsequently amended) because it re-alleges and re-states all the paragraphs from the First Amended Complaint filed on December 26, 2000. Exhibit A at ¶¶ 1-34. The Second Amended Complaint and Supplemental Complaint also states

[7] The "relation back" doctrine is based on the notion that once litigation involving a particular conduct or transaction has been instituted, defendants are not entitled to the protection of the statute of limitations against any later assertions by amendment of claims that arose out of the same conduct or transaction set forth in the original complaint. Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570 (1967). Although this Court's rules only explicitly provide for the relation back of amended pleadings, see RCFC 15(c), courts have uniformly recognized that the principle applies similarly to supplemental pleadings despite the lack of an analogous mechanism in the federal rules. See, e.g., United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

that the Government's breach of the Standard Contract is ongoing and that NSP continues to incur significant costs as a direct result of this continuing breach. Id. ¶ 36. Furthermore, the Second Amended Complaint and Supplemental Complaint specifies in greater detail the types of damages initially pleaded for "extended on-site storage of its spent nuclear fuel" or "alternative off-site storage capacity to permit continued operation of its nuclear plants." Id. ¶ 21.

The opportunity for a plaintiff utility to amend or supplement its complaint and plead new events or costs is especially appropriate in cases where, as here, an extended period of time has passed between the filing of the complaint and the damages trial. In this case, over eight years will have passed[8] since NSP initiated the instant action due to, *inter alia*: 1) interlocutory appeals to the Federal Circuit; 2) various procedural disputes between the parties; and 3) the length of coordinated discovery in the spent nuclear fuel cases. As stated above, NSP has incurred substantial damages since the filing of its original complaint and it would be prejudicial to require NSP to expend resources unnecessarily by filing entirely new actions in this Court (and possibly moving to consolidate the new actions with this case). A more simple, efficient, and appropriate mechanism exists in RCFC 15 for plaintiffs to plead new damages.

Finally, the Government will not be prejudiced if NSP is permitted to plead damages that have been incurred since the filing of its complaint and to recover those costs that are proven with reasonable certainty at trial. In this case, the Government has always been on notice that NSP's damages would accumulate after the filing of its complaint, especially if the Government's breach of the Standard Contract continued for an extended period. See First Amended Complaint ¶ 25 ("The rate at which [NSP's] damages will continue to accrue is dependent upon various factors including but not limited to when [the Department of Energy]

[8] NSP's damages trial is currently scheduled to commence in Minneapolis, Minnesota on October 23, 2006. September 14, 2005 Order.

commences performance of its contractual obligation . . ."). Just as importantly, NSP provided the Government with an expert report in early August 2005 specifying NSP's damages in this case, along with nearly 50 binders of supporting documentation.[9] The December 2004 cutoff date for damages that NSP is proposing herein is fully consistent with the "past damages" that were specified in its August 1, 2005 expert report. Thus, the Government cannot credibly allege prejudice if an amended and supplemental pleading, consistent with the allegations of NSP's original and amended complaints *and* NSP's damages expert report, specifies that the Government's wrongdoing has continued and caused additional damages. The Government also has ample opportunity to complete its discovery and prepare for a trial in October 2006 on NSP's damages, assuming a December 2004 cutoff date for those damages.[10]

[9] The NSP damages specified in this expert report were divided into "past damages" (defined as those incurred through December 2004) and "future damages" (defined as those incurred beginning on January 1, 2005). This report was issued before the Federal Circuit's Indiana Michigan decision in September 2005, and therefore did not consider the Federal Circuit's subsequent holding that costs that have yet to be incurred must be sought in separate actions "as they are incurred." 422 F.3d at 1376-77.

[10] Consistent with the Federal Circuit's decision in Indiana Michigan, NSP plans to file a future action for all damages incurred after December 2004 that are attributable to the Government's continuing breach of NSP's contracts.

## CONCLUSION

For the foregoing reasons, the Federal Circuit's decision in Indiana Michigan should be interpreted to permit NSP to plead and recover damages incurred since the filing of its original complaint and up through December 2004 (i.e., part of the "past damages" claimed in NSP's expert report). Accordingly, NSP respectfully requests leave from the Court to file the attached Second Amended Complaint and Supplemental Complaint.

Dated: January 27, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

Kerry C. Koep
**XCEL ENERGY**
800 Nicollet Mall, Suite 2900
Minneapolis, Minnesota 55402