**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEkman
154-98-614

Telephone: (202) 353-0897
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

September 16, 2005

VIA FACSIMILE AND U.S. MAIL

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Re: *Southern Nuclear Operating Co. v. United States*, Fed. Cl. No. 98-614C

Dear Mr. Blanton:

We are writing concerning several issues arising out of yesterday's pretrial conference and plaintiffs' objections to the Government's exhibit list. First, based upon the decision in Indiana Michigan Power Co. v. United States, 04-5122 (Fed. Cir. Sept. 9, 2005), and the statements of Senior Judge Merow during the pretrial conference, we request that plaintiffs file a new complaint in advance of trial, seeking damages through December 31, 2004. We will agree to the consolidation of the new action and the pending action for trial in October. Moreover, we will agree that damages that have arisen under the new complaint will be litigated through December 31, 2004. We will agree that any actual costs incurred between January 1, 2005, and the date of the new complaint can be included in a new complaint filed in the future in accordance with the appellate court's decision in Indiana Michigan. By filing the new complaint, the parties will have a clear conception of the time period at issue in the trial of this matter and any appeal, and plaintiffs here will reduce any issues surrounding the Court's jurisdiction to consider and the effect of the statute of limitations upon these post-complaint damages.

Second, we need to respond to your letter dated September 9, 2005, in which you largely parrot our critiques of plaintiffs' exhibit list in responding to the Government's exhibit list. Your criticisms of the Government's exhibit list are overstated. For example, your letter asserts that the Government's exhibit list contains duplications, and you parrot our language to you upon that same issue that "'duplication could significantly affect the record in this case' and results in 'unnecessary copying.'" However, plaintiffs' objections to the Government's exhibits identify only two duplicated exhibits upon the Government's entire list – totaling only seven pages between them. In contrast, the Government has identified more than 100 duplicative exhibits upon plaintiffs' list encompassing potentially thousands of pages of documents. The "unnecessary copying" of seven pages of duplication pales in comparison to plaintiffs' failure to remove unnecessary duplication from its exhibit list.

In any event, to the extent that two exhibits listed upon the Government's list have been duplicated, we will remove the offending duplicate exhibit leaving upon our list a complete copy of each exhibit. We anticipate, given the strong language in your letter, that plaintiffs likewise will remove any duplicative exhibits from their list.

We are looking at the remaining minor critiques of our exhibit list and will respond to those issues upon completion of that analysis. However, with respect to your concerns relating to allegedly incomplete exhibits, we note that the plaintiffs are entitled to enter into evidence complete versions of any allegedly incomplete exhibit. We likely will not be expanding our exhibit production for the purposes of addressing allegedly incomplete exhibits. Additionally, by this letter we are confirming that exhibits 330-333 were renumbered to exhibits 333-336.

Finally, and based upon the Court's limitation of the damages to be tried by the parties and by the Government's stipulation concerning costs that we do not dispute were incurred by plaintiffs, we ask that you remove from your exhibit list any documents rendered superfluous by these two actions. We believe that our stipulation and the limitation of damages greatly reduces the paper record required to litigate plaintiffs' case. Please also consider whether plaintiffs need to present the testimony of both of their damages experts. We believe that the testimony of Richard Sieracki – if ever relevant – has been eviscerated by the Court's limitation of damages. Eliminating an unnecessary and irrelevant expert witness will reduce the trial time needed to present the plaintiffs' case-in-chief. We likewise will be reviewing the opinions of our experts to eliminate unnecessary testimony from the trial record.

If you have any questions, please do not hesitate to call.

Sincerely,

JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch