D. The Government Has Not Selectively Produced Post-2004 Documents

Finally, PG&E's contention that the Government has somehow acknowledged that documents that post-date January 28, 2004, are relevant to issues in this case because the Government has placed certain post-January 2004 documents on its privilege log simply is erroneous. Pl. Mot. at 5, n.1. The Government prepared its privilege log in this case before the United States Court of Appeals for the Federal Circuit resolved the scope of trials in spent nuclear fuel cases in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005). In Indiana Michigan, the Federal Circuit held that a plaintiff in an SNF case that alleges a partial, rather than a total, breach of contract is limited "to those costs incurred prior to the date of its suit." Id. at 1376-77. The Federal Circuit's decision in Indiana Michigan puts to rest any issue that documents that post-date PG&E's 2004 complaint are relevant to the damages issues in this case.[8] PG&E's allegations that the Government's past compliance with discovery demands relating to issues that were not yet resolved by the appellate court somehow requires the Court and the Government to reevaluate discovery after such guidance is issued is simply unfounded.

---

[8] PG&E also appears to imply that the Government has taken inconsistent positions with respect to its willingness to accept an SNF plaintiff's supplementation of its complaint to recover damages that post-date the plaintiff's initial complaint. Pl. Mot. at 5. Although the Government anticipates that it will address this issue in more detail in its reply to PG&E's response to strike portions of Brad Cornell's expert report, the Government has consistently maintained that, although an SNF plaintiff may seek leave to file a supplemental complaint to obtain damages that post-date its complaint, the Court has discretion to deny such leave, particularly where it would prejudice the Government. Unlike in Wisconsin Electric Power Co. v. United States, No. 00-00697 (Fed. Cl.), where fact discovery currently is continuing, here, fact discovery has already closed, and the Government would be significantly prejudiced should PG&E seek leave to file a supplemental complaint at this late stage in the litigation.