In its decision, dated September 9, 2005, the Federal Circuit agreed that, in a partial breach case, future damages are not recoverable. It found that, instead, a partial breach claimant may "sue from time to time for the damages incurred to the date of suit," defined as "the time of the institution of the action." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005) (quoting Restatement (Second) of Judgments § 26(e) & cmt. g (1982)). Although the Court did not expressly discuss the distinction between the California court's "date of trial" rule for a partial breach damages award and the Restatement's "institution of the action" rule, the appellate court expressly found that the grievance at issue "falls within [the Restatement (Second) of Judgments] subsection (e)'s exception," id. at 1378, which expressly limits damages in a partial breach case to those "incurred to the date of suit," Restatement (Second) of Judgments § 26(e) (1982), or "damages sustained from breaches up to the time of the institution of the action." Id. § 26 cmt. g, at 241 (quoted in Indiana Michigan, 422 F.3d at 1377). IMP sought panel rehearing of a portion of the future damages aspect of the appellate court's decision, but IMP's petition for rehearing was denied on November 25, 2005.

Under Indiana Michigan, the Yankees may not recover damages that post-date the filing of their complaints in this case.[3] See Indiana Michigan, 422 F.3d at 1376-78 (adopting the rule set forth in Restatement (Second) of Judgments § 26(e)). The jurisdiction of this Court is determined by reference to the partial breaches existing upon the date that the complaints in these three cases were filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). The Yankees here seek damages not only for partial breaches that had already occurred

[3] Yankee Atomic's complaint was filed on February 18, 1998, Connecticut Yankee's complaint was filed on March 4, 1998, and Maine Yankee's complaint was filed on June 2, 1998.

by the time that they filed their complaints, but also for partial breaches that allegedly occurred and resulting damages allegedly incurred after they filed their complaints. Yet, the Yankees each seek to recover damages far into the future, speculating about costs that they not only had not incurred by the time that they filed their complaints, but also about costs that they still have not incurred. Under the breach of contract theory that the Yankees elected to pursue – a partial, rather than total, breach of contract theory – the damages that they may recover in this action are limited to those that were incurred by the time that they filed their complaints. Restatement (Second ) of Judgments § 26(e). Further, it is the Yankees' burden to establish in this litigation the costs that they seek here were incurred by the time that they filed their complaints and are not related to post-complaint partial breaches or activities.[4]

## II. ALTHOUGH THE *INDIANA MICHIGAN* DECISION ALLOWS FOR THE POSSIBILITY OF RECOVERABLE MITIGATION DAMAGES BEGINNING MAY 25, 1994, NONE OF THE YANKEES' ALLEGED PRE-1998 DAMAGES WERE CAUSED BY DOE'S DELAY

In its decision in Indiana Michigan, the appellate court not only resolved the recoverability of future damages in these SNF partial breach cases, but also set forth standards for reviewing claims for damages that pre-date the January 31, 1998 deadline for DOE to begin

[4] Of course, in addition to establishing the timing of their incurred costs, the Yankees must establish that any incurred costs were actually caused by DOE's delay. Because the Yankees' exchanges and priority theories are without merit and because the "oldest-fuel-first" acceptance queue set forth in the Standard Contract defines the order in which DOE was contractually obligated to accept nuclear utility SNF, damages for the Yankees would not begin to accrue until the final fuel out dates dictated by the rate of SNF acceptance that the Court adopts for purposes of evaluating damages claims. To the extent that the Court needs to reach these issues to resolve the Yankees' claims for damages accrued by the dates upon which they filed their complaints, application of the "oldest-fuel-first" provision of the Standard Contract establishes that the Yankees would have incurred the same costs that they are now claiming regardless of DOE's delay.