IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 98-484C |
| v. | ) | (Senior Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT

For its answer to the plaintiff's second amended complaint and supplemental complaint, filed on January 27, 2006, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 1. Admits the allegations contained in the third sentence of paragraph 1. Admits the allegations contained in the fourth sentence of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until at least 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the fourth sentence of paragraph 1 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The

allegations contained in the fifth sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first, second and third sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 2. Admits the allegations contained in the fifth sentence of paragraph 2 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the fifth sentence of paragraph 2.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the

second sentence of paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Admits that, as of December 31, 2005, NSP had paid $344 million into the Nuclear Waste Fund pursuant to the contracts cited and that, for several years, NSP has paid an annual fee that has been recalculated each year; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. The allegations contained in the first and second sentences of paragraph 10 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 10 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the Mission Plan Amendment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the final interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the petitions for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the petition for a writ of mandamus and court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegation contained in the second sentence of paragraph 19 that DOE has not yet begun the

disposal of SNF under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until at least 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the second sentence of paragraph 19 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 19 are plaintiff's characterization of its case, to which no response is required; to the extent that they constitute allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies.

22. Defendant's responses to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. Denies.

26. Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits that expenditures to date from the Nuclear Waste Fund have been less than the level of receipts into the Nuclear Waste Fund; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

30. Denies.

31. Defendant's responses to paragraphs 1 through 30 of the complaint are incorporated by reference.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Admits that, as of December 31, 2005, NSP had paid $344 million into the Nuclear Waste Fund and that, for several years, NSP has paid an annual fee that has been recalculated each year; otherwise denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3315
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

February 14, 2006

CERTIFICATE OF FILING

I hereby certify that on this 14th day of February 2006, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Heide L. Herrmann