**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on February 24, 2006)

| | |
|---|---|
| **NORTHERN STATES POWER COMPANY**, Plaintiff, | |
| v. | No. 98-484C (Senior Judge Wiese) |
| **THE UNITED STATES**, Defendant. | |

**MOTION FOR ENTRY OF ORDER BASED ON JOINT STIPULATION REGARDING PROPRIETARY INFORMATION AND TRADE SECRETS**

Pursuant to RCFC 7 and the Protective Order ¶¶ 6, 7 in this case, the Plaintiff Northern States Power Company ("NSP") and the Defendant (the "Government") submit this joint stipulation and a proposed order to be entered in this case.

Generally, the Protective Order allows a party to designate "Confidential Material" and provides for filing under seal these materials in pleadings, motions, deposition transcripts, or other documents submitted to the Court. *See* Protective Order ¶ 5 (Attachment 1 - Order entering Protective Order and "Agreement and Protective Order"). For the vast bulk of documents produced in this case, the parties agree that the current protective order provides adequate protection. However, NSP is preparing to produce documents, some of which have been marked as "proprietary" or designated as including "trade secrets" of NSP (or third-parties). Documents with these designations include, for example, documents filed with the Minnesota Public Utility Commission and grant contracts between NSP and third-parties.

Under the Protective Order, the parties may seek "additional protection with respect to the confidentiality of documents or other discovery material . . . ." *Id.* ¶ 7. In this regard, the

parties seek this additional protection, because the Protective Order would otherwise allow attorneys in any of the spent nuclear fuel cases (not just the instant case) and any of their clients to have access to these proprietary documents. The Protective Order, as it stands, also potentially allows the Government to use these documents in other cases. The parties agree that this additional protection should cover all produced documents with "proprietary" or "trade secrets" legends.

To assure that these materials are adequately protected and consistent with the procedure in Protective Order ¶ 2, the parties stipulate that documents (or other material) produced during discovery that include a "proprietary" or "trade secrets" legend placed or affixed on such documents or as designated in a letter from counsel for the disclosing party to counsel for the receiving party accompanying these documents will be given additional protection under Protective Order ¶ 7. Documents produced to the Government prior to the date of this joint stipulation will not be covered by this stipulation, unless such documents are specifically identified by bates number in a letter from counsel for NSP to counsel for the Government requesting additional protection per the terms of this stipulation. Pursuant to this stipulation, such confidential documents will be used only by NSP, its counsel, the Government's counsel, or those working with NSP or the Government in connection with the instant case, and such documents will not be further used, disclosed, or disseminated without the written consent of NSP. The parties further stipulate that they will use best efforts to prevent the disclosure of such documents to any persons, parties, or entities not necessary to the prosecution or defense of the instant case. Notwithstanding this stipulation, a party may challenge the designation of any such documents consistent with the terms of Protective Order ¶ 9.

A proposed order is included as part of this joint stipulation.

Dated: February 24, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Daniel S. Herzfeld
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
Northern States Power Company

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3315
Fax: (202) 307-2503
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

**PROPOSED ORDER**
**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on February __, 2006)

| | | |
|---|---|---|
| **NORTHERN STATES POWER COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | ) | No. 98-484C (Senior Judge Wiese) |

**ORDER**

In accordance with the parties' stipulation and consistent with the procedure in Protective Order ¶ 2, documents (or other material) produced during discovery that include a "proprietary" or "trade secrets" legend placed or affixed on such documents or as designated in a letter from counsel for the disclosing party to counsel for the receiving party accompanying these documents will be given additional protection under Protective Order ¶ 7. Documents produced to the United States ("Government") prior to the date of the parties' joint stipulation will not be covered by this Order, unless such documents are specifically identified by bates number in a letter from counsel for Northern States Power Company ("NSP") to counsel for the Government requesting additional protection per the terms of the parties' stipulation and this Order. Such confidential documents will be used only by NSP, its counsel, the Government's counsel, or those working with NSP or the Government in connection with the instant case, and such documents will not be further used, disclosed, or disseminated without the written consent of NSP. The parties must use their best efforts to prevent the disclosure of such documents to any

persons, parties, or entities not necessary to the prosecution or defense of the instant case. Notwithstanding this order, a party may challenge the designation of any such documents consistent with the terms of Protective Order ¶ 9.

John P. Wiese
Judge