# In the United States Court of Federal Claims

No. 98-484C
Filed: March 22, 2006

| | |
|---|---|
| NORTHERN STATES POWER CO., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

---

ORDER

GRANTING MOTION FOR ENTRY OF ORDER
BASED ON JOINT STIPULATION REGARDING
PROPRIETARY INFORMATION AND TRADE SECRETS

---

Based upon a review of the parties' February 24, 2006, motion for the entry of an order regarding proprietary information and trade secrets, the court grants the parties' motion and adopts the language set forth in the proposed order accompanying that motion as follows:

In accordance with the parties' stipulation and consistent with the procedure set forth in ¶ 2 of the May 9, 2002, Protective Order entered in case number 98-126C, documents (or other material) produced during discovery that include a "proprietary" or "trade secrets" legend placed or affixed on such documents or as designated in a letter from counsel for the disclosing party to counsel for the receiving party accompanying these documents will be given additional protection under Protective Order ¶ 7. Documents produced to the United States ("Government") prior to the date of the parties' joint stipulation will not be covered by this order, unless such documents are specifically identified by bates number in a letter from counsel for Northern States Power Company ("NSP") to counsel for the Government requesting

additional protection per the terms of the parties' stipulation and this order. Such confidential documents will be used only by NSP, its counsel, the Government's counsel, or those working with NSP or the Government in connection with the instant case, and such documents will not be further used, disclosed, or disseminated without the written consent of NSP. The parties must use their best efforts to prevent the disclosure of such documents to any persons, parties, or entities not necessary to the prosecution or defense of the instant case. Notwithstanding this order, a party may challenge the designation of any such documents consistent with the terms of Protective Order ¶ 9.

s/John P. Wiese
John P. Wiese
Judge