No. 98-484C
(Senior Judge Wiese)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NORTHERN STATES POWER COMPANY,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3315
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
ALAN J. LO RE
STEPHEN FINN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

October 6, 2006

Attorneys for Defendant

TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. NSP'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . 3

II. NSP HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . . . . . . . . . . . 5

A. NSP Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. NSP Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C. NSP Has Identified No Foundation For Finding That The Remaining Witness Testimony Falls Within FRE 801(d)(2)(D) . . . . . . . . 8

III. NSP HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

A. NSP Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial . . . . . . . . . . . . . . . . . . 11

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony . . . . . . . . . . . . . . . . . . . . . 13

IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, NSP'S DESIGNATIONS CONFLICT WITH NSP'S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS . . . . . . . . . . . . . . . . . 17

TABLE OF CONTENTS (cont'd)

PAGE

V. ALTHOUGH MR. MORGAN'S PRIOR TESTIMONY CANNOT BE ADMITTED PURSUANT TO FRE 801(d)(2)(D), THE COURT SHOULD PERMIT BOTH PARTIES TO RELY UPON HIS PAST TESTIMONY PURSUANT TO RCFC 32(a) . . . . . 17

VI. NOTWITHSTANDING NSP'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS . . . . . 19

CONCLUSION . . . . . 19

TABLE OF AUTHORITIES

CASES PAGE(S)

Aliotta v. National R.R. Passenger Corp.,
315 F.3d 756 (3d Cir. 2003) . . . . . 3, 4

American Eagle Insurance Co. v. Thompson,
85 F.3d 327 (8th Cir. 1996) . . . . . 8

American Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969) . . . . . 14

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) . . . . . 11

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . 14

Carden v. Westinghouse Electric Co.,
850 F.2d 996 (8th Cir. 1998) . . . . . 5

Delaware v. Van Arsdall,
475 U.S. 673 (1986) . . . . . 15

Evans v. Port Authority of New York & New Jersey,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) . . . . . 4

Globe Savings Bank v. United States,
61 Fed. Cl. 91 (2004) . . . . . 5, 6, 10, 16

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) . . . . . 14

Harris v. Itzhaki,
183 F.3d 1043 (9th Cir. 1999) . . . . . 4

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . 5, 13, 14

Long Island Savings Bank v. United States,
63 Fed. Cl. 157 (2004) . . . . . 5, 6, 7, 10

TABLE OF AUTHORITIES (cont'd)

Napier v. Bossard,
102 F.2d 467 (2d Cir. 1939) . . . . . . . . . . 14

Renda Marine, Inc. v. United States,
66 Fed. Cl. 639 (2005) . . . . . . . . . . 12

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999) . . . . . . . . . . 7

Sacramento Municipal Utility Dist. v. United States,
No. 98-488C (Fed. Cl. March 16, 2005) (unpublished) . . . . . . . . . . 12

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) . . . . . . . . . . 4, 5

Selby v. Pepsico, Inc.,
784 F. Supp. 750 (N.D. Cal. 1991) . . . . . . . . . . 5

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) . . . . . . . . . . 7

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) . . . . . . . . . . 15

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) . . . . . . . . . . 15

United States v. International Business Machines Corp.,
90 F.R.D. 377 (S.D.N.Y. 1981) . . . . . . . . . . 12

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . 13

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . 13

Young v. James Green Management, Inc.,
327 F.3d 616 (7th Cir. 2003) . . . . . . . . . . 7

TABLE OF AUTHORITIES (cont'd)

MISCELLANEOUS PAGE(S)

Fed. R. Evid. 801(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Evid. 804(b)(1), Advisory Committee Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994)..14

# INDEX TO ATTACHMENT AND APPENDIX

ATTACHMENT A:

Defendant's Objections To Designations Of Northen States Power Comopany, And Defendant's Counter-Designations

APPENDIX:


| Document | Page |
|---|---|
| Transcript of Trial Testimony of John Bartlett, *Yankee Atomic* Trial, July 14, 2004 | 1 |
| Transcript of Deposition Testimony of Michael Lawrence, Coordinated Discovery Proceedings, May 20, 2002 | 3 |
| Transcript of Trial Testimony of Robert Morgan, *Yankee Atomic* Trial, August 2, 2004 | 5 |
| Transcript of Deposition Testimony of Billy Cole, Coordinated Discovery Proceedings, March 13, 2002 | 8 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 98-484C |
| v. | ) | (Senior Judge Wiese) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant respectfully requests that the Court strike the "Notice Of Deposition & Trial Testimony Designations" that plaintiff, Northern States Power Company. ("NSP"), filed on September 1, 2006. To the extent that the Court does not strike those designations from the record of this case, defendant alternatively requests that the Court preclude NSP from relying upon those designations or from considering those designations as substantive evidence, given, among other deficiencies discussed below, NSP's failure to establish an appropriate foundation for the designated testimony and to establish that the designated testimony constitutes "admissions" of the United States.

SUMMARY OF ARGUMENT

NSP has proffered extensive deposition and previous trial testimony of 13 past and present Government employees, and 390 pages of testimony, as substantive evidence.[1] Rather

---

[1] In its "notice," NSP seeks to introduce by designation the deposition and trial testimony of Lake Barrett, John Bartlett, Alan Brownstein, Billy Cole, Susan Klein, Christopher Kouts, Michael Lawrence, Ronald Milner, Robert Morgan, Thomas Pollog, Nancy Slater (Thompson),

than filing a motion seeking to have this Court review the proposed designations to determine whether they, as NSP claims, all properly constitute "admissions" by the United States pursuant to Federal Rule of Evidence ("FRE") 801(d)(2), NSP has merely filed them with the Court through a "notice," apparently simply including them in the record of this case under an assumption that NSP is entitled to have them all used as "admissions" without any Court review.

Contrary to NSP's apparent belief, it is the Court, not NSP, that must determine whether the proposed designations properly constitute "admissions" of the United States. Because NSP did not file a motion seeking the Court's review of these designations, but, instead, merely included them in the record of this case as predetermined "admissions," we respectfully request that the Court strike NSP's "notice" from the case. Even if the Court considered NSP's "notice" to constitute a motion to deem the designated testimony as admissions of the Government, NSP has failed to make the required showing under FRE 801(d)(2) that the testimony which it has designated may properly be considered to be the admission of a party opponent, and it has ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. NSP also has not overcome the preference for live testimony and met its burden to show cause as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to extensive objections, NSP should not be allowed to burden the record with its admission. To the extent that the Court allows NSP's designations to become part of the record,

---

Victor Trebules, and David Zabransky. Of these individuals, NSP has identified Mr. Zabransky as a witness that it may call at trial in its September 1, 2006 witness list. Messrs. Kouts, Morgan, Pollog, and Zabransky are on the Government's witness list, and the Government plans to call these witnesses at trial, although, as we will explain below, it would be appropriate here for <u>both</u> parties to rely upon Mr. Morgan's prior testimony in lieu of live testimony.

in whole or in part, we respectfully request that the Court rule upon the objections that are contained in the testimony that NSP has designated, pursuant to RCFC 32(b), and consider the deposition testimony that the Government has counter-designated, pursuant to FRE 106 and RCFC 32(a)(4). The list of these objections and counter-designations are found in Attachment A to this response.

## DISCUSSION

### I. NSP'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS

In the "notice" of deposition and trial testimony designations that it filed on September 1, 2006, NSP recognizes that "RCFC Appendix A, ¶ 15(b) provides that a party must move for leave to file designations of substantive testimony, *except 'as provided by Fed. R. Evid. 801(d).'*" NSP Notice, at 1 (Sept. 1, 2006) (italics in original) (quoting RCFC App. A ¶ 15(b)). Claiming that all of its proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2), NSP then filed a "notice" of its designations, without any motion requesting that the Court determine whether the proposed designations actually constitute "admissions" under the identified Federal Rule of Evidence. The lack of a motion seeking the Court's review and admission of these proposed designations, as opposed to NSP's mere admission of the designations into the record of this case without any Court review and approval, is inappropriate.

"[T]here are two relevant requirements under Rule 801(d)(2)(D). First, [the designated individual's] deposition testimony must be an admission. Second, the statements must be made 'concerning a matter within the scope' of [the designated individual's] employment." Aliotta v.

National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003). Although a party certainly must identify the specific testimony that it wants to designate for inclusion in the trial record, "the burden of establishing admissibility, of course, is with the proponent of the evidence." Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). The Court is the ultimate decision-maker regarding these two factors. See Aliotta, 315 F.3d at 761. Specifically, it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment," Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)), and constitutes an admission. "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2)).

Because NSP appears to attempt to remove from the Court's purview any review of its proposed admissions, the Court should strike NSP's "notice" of designations. To the extent that the Court considers NSP's "notice" as a motion to deem the proposed testimony designations as admission of the United States pursuant to FRE 801(d)(2), we have attached to this motion a list of objections to those designations, including NSP's failure to identify any testimony that would establish any foundation for the proposed "admissions." Below, we further discuss specific objections to the proposed designations, to the extent that the Court considers NSP's "notice" as a motion to deem testimony as admissions.

## II. NSP HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

### A. NSP Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations

In its "notice," NSP asserts that it need not comply with the requirements of RCFC 32(a) in submitting its testimony designations because all of the designated testimony is admissible as an admission of a party opponent, pursuant to FRE 801(d)(2). NSP relies upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a), if the Federal Rules of Evidence, in particular the rule concerning admissions of a party opponent in FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004);[2] see Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, consistent with other court decisions, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v.

---

[2] The factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, NSP seeks to admit the deposition and trial testimony of 13 individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). NSP's wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991). NSP has made no attempt to meet these requirements for much of the testimony that it has designated.

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that: (1) the statements were made by the party, the United States, against whom the statements were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted). NSP has failed to provide the Court with the evidence to make similar determinations regarding the extensive deposition testimony that it seeks to designate as admissions of a party opponent.

B. NSP Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony

NSP cannot seek to admit the testimony of John Bartlett, Michael Lawrence, or Robert Morgan pursuant to FRE 801(d)(2). Although all three of these individuals had once been employed by the Federal Government, none were not Federal employees at the time of their depositions or trial testimony. See App. 2, 4, 6. To fall within the parameters of FRE

801(d)(2)(D), the individual making the statements at issue must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)"). Indeed, NSP has not attempted to make any showing under RCFC 32(a) that would permit the introduction of this testimony as evidence in this case. See Long Island, 63 Fed. Cl. at 165 (Court analyzed admission of deposition testimony pursuant to RCFC 32(a) because individual was not an employee of the Federal Government at the time of his deposition). NSP's designation of Mr. Bartlett's testimony is particularly egregious, given that Mr. Bartlett was employed by several spent nuclear fuel ("SNF") plaintiffs and was testifying as their employed witness at the time that he provided the testimony that NSP now seeks to designate as an "admission" of the Federal Government. In any event, there is no basis for the admission of any of the designations from Messrs. Bartlett, Lawrence, and Morgan.[3]

---

[3] In addition to the fact that Mr. Bartlett was not employed by the Federal Government when he provided his designated testimony and, in fact, was actually employed by several SNF plaintiffs, NSP's designation includes portions of Mr. Bartlett's testimony as an expert witness for the nuclear utilities (see Bartlett *Yankee* Trial Testimony 633:8-640:15 & 643:11-647:18), which is also inappropriate. NSP has not identified Mr. Bartlett as an expert witness in this case, and he has not been qualified as an expert witness in this case. Accordingly, his expert witness testimony from another SNF case should not be admissible here. Further, it was not the United

Similarly, NSP has designated testimony from Mr. Billy Cole. Yet, Mr. Cole has never been an employee of the Federal Government. App. 9. Instead, he has worked only for entities that had contracts with the Department of Energy. NSP has submitted no evidence that Mr. Cole constituted an "agent" of the United States and that his statements should somehow be attributed as "admissions" of the United States. See American Eagle Ins. Co. v. Thompson, 85 F.3d 327, 333 (8th Cir. 1996) (proffering party has burden of "establishing the necessary agency relationship" under FRE 801(d)(2)(D)). Accordingly, Mr. Cole's prior testimony similarly cannot be designated as an "admission" by the United States under FRE 801(d)(2)(D).

### C. NSP Has Identified No Foundation For Finding That The Remaining Witness Testimony Falls Within FRE 801(d)(2)(D)

With respect to the remaining individuals who were Government employees at the time of their depositions or trial testimony, NSP has failed to provide the necessary showing that the testimony that it has designated for admission falls within the scope of the responsibility for the employee for the following: Alan Brownstein, Susan Klein, Christopher Kouts, Nancy Slater, and Victor Trebules.[4] With respect to Susan Klein, NSP only has designated Ms. Klein's testimony that her position was as a "senior policy advisor" to Mr. Lake Barrett, Deputy Director, OCRWM, and that she had held that position since 1997. See Klein Deposition, Apr. 24, 2002, 11:10-12:15. NSP provides no further testimony regarding the scope of Ms. Klein's

---

States, but the SNF plaintiffs in Yankee, who were paying for Mr. Bartlett's expert witness testimony. His 2004 expert witness testimony in Yankee, given years after he had concluded his employment by the Federal Government, clearly was not an "admission" by the United States pursuant to FRE 801(d)(2)(D).

[4] As explained below, we currently intend to call Mr. Kouts to testify in our case-in-chief. Deposition designations for Mr. Kouts are unnecessary given his expected testimony at trial.

responsibilities. Similarly, NSP has designated two excerpts from two of the three days of deposition testimony from Nancy Slater regarding delivery commitment schedules ("DCSs") under the Standard Contract, but has not designated any testimony regarding Ms. Slater's position or her responsibilities that would allow the Court to determine that Ms. Slater's statements regarding DCSs should be considered to be within the scope of her employment. Similarly, NSP designated no testimony that would establish Alan Brownstein's responsibility for Annual Capacity Reports, delivery commitment schedules, the Monitored Retrievable Storage facility, or other matters discussed in his designated testimony or the period of his employment with DOE. Without information regarding the subject matter encompassed by these individuals' positions in the Government, the Court is unable properly to determine that the statements which NSP seeks to introduce as substantive evidence are within the scope of the employment of the individuals and, therefore, independently admissible pursuant to FRE 801(d)(2).

Significantly, NSP's designations for other deponents (Messrs. Barrett, Milner, Pollog, and Zabransky) demonstrate NSP's understanding of the requirements of FRE 801(d)(2) and its obligation to establish that the individual was employed by the Government and the scope of that employment. For example, NSP has designated testimony for Messrs. Barrett and Milner that established their employment by DOE in the positions of the deputy director and the chief operations officer, respectively, for the Office of Civilian Radioactive Waste Management ("OCRWM"). Barrett Deposition, Apr. 22, 2002, 10:21-11:5; Milner Deposition, May 1, 2002, 11:23-12:8. Although NSP should have designated additional testimony regarding the scope of employment for these individuals, we do not dispute that they occupied senior positions within the Office of Civilian Radioactive Waste Management ("OCRWM") within DOE. NSP also has

designated testimony regarding the scope of employment for Messrs. Pollog and Zabransky. Pollog Testimony from the trial in Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.), Tr. 908:6-909:24; Zabransky Deposition, Aug. 5, 2004, 4110:15-4112:3. While we maintain foundational objections to portions of the testimony designated for all of these individuals, including objections that the testimony is outside their scope of employment, NSP has at least attempted to provide the scope of employment information required by FRE 801(d)(2). NSP's failure to attempt to establish that scope of employment for Mr. Brownstein, Ms. Klein, Mr. Kouts, Ms. Slater, and Mr. Trebules leaves the Court with no basis upon which to determine whether the designations may be properly admitted pursuant to FRE 801(d)(2). As a result, NSP's designations for these five witnesses (in addition to the four individuals identified above – Messrs. Bartlett, Cole, Lawrence, and Morgan – who were not Federal employees at the time of their designated testimony) should not be admitted. See Long Island, 63 Fed. Cl. at 165; Globe, 61 Fed. Cl. at 97.

## III. NSP HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. NSP Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

NSP has sought the admission of the testimony of 13 individuals from 40 days of deposition or trial, consisting of 390 additional transcript pages for the Court to consider. NSP has made no effort to show that any of the witnesses whose deposition testimony it has designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its

substance. Because NSP has failed to meet its burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, NSP must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

In its "notice" of the designations, NSP asserts only that its designations are proper because they will "streamline the parties' trial preparation and reduce trial time and cost." NSP Notice, at 2 (Sept. 18, 2006). However, this reason does not amount to sufficient "cause" to permit NSP to justify the designation of a substantial amount of testimony that ultimately seeks an "end run" around the Court's order regarding the length of trial. Although NSP claims in its notice that it seeks to "reduce" its trial time by avoiding calling live witnesses, it is actually attempting to supplement its designated trial time. Further, particularly to the extent that the Government will have to address some of the out-of-context designated statements in these

deposition designations with live witnesses, NSP's use of designations prejudices the Government by increasing the amount of live testimony that the Government will have to present.

Significantly, NSP has designated testimony of three individuals – Messrs. Kouts, Pollog, and Zabransky – whom the Government expects to call in its case-in-chief. NSP also has designated the testimony of an individual -- Mr. Zabransky – whom NSP has indicated it "may" call. If these individuals testify, as expected, NSP will have burdened the record with additional testimony that could have been elicited during cross-examination. See Renda Marine, Inc. v. United States, 66 Fed. Cl. 639, 645 (2005) (citing United States v. Int'l Bus. Machs. Corp., 90 F.R.D. 377, 382 (S.D.N.Y. 1981)) (disregarding designated deposition testimony of witnesses who testified at trial); Sacramento Municipal Utility Dist. v. United States, No. 98-488C, order, at 2 (Fed. Cl. March 16, 2005) (unpublished) (denying motion to designate prior testimony of witnesses who were to testify at trial). While we believe that NSP should not be allowed to designate testimony from witnesses who will testify at trial, to the extent that the Court allows it, we ask that NSP be barred from cross-examining these witnesses upon the topics that are the subject of NSP's designations.[5]

---

[5] Because of NSP's designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting volumes of deposition testimony, NSP not only attempts to supplement its trial time, but also will significantly increase the Government's out-of-trial work.

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

NSP proffers no evidence, and makes no suggestion, that any of the 13 witnesses whose deposition and trial testimony that it has designated have been or are unavailable to testify at the trial in this case. The Government is prepared to assist in making all former and current Government witnesses who appear upon NSP's proposed designation list available for trial, but, to date, we have received no inquiries from counsel for NSP regarding the availability of these individuals for trial. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. NSP should be required to present its case through live testimony at trial and should not be permitted to avoid this obligation by forcing the Court and the Government to read and analyze hundreds of pages of proposed testimony in addition to the evidence that NSP presents at trial.

NSP's failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition

has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and

Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). NSP's introduction into evidence of deposition and trial testimony designations deprives the Court of the opportunity to see witnesses respond to questions, explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify form throughout the United States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and reject NSP's attempt to eliminate the need to present such testimony to the Court.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of the massive amounts of deposition testimony that NSP proposes to introduce, which threaten to transform this case into a document review case without testimony. See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of

discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence”). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## IV. TO THE EXTENT THAT WITNESSES DISCUSS EXHIBITS IN THEIR DESIGNATED TESTIMONY, NSP’S DESIGNATIONS CONFLICT WITH NSP’S OBLIGATION TO ESTABLISH PROPER FOUNDATION FOR THE ADMISSION OF EXHIBITS

NSP’s designations are replete with testimony concerning documents that were identified as exhibits during the deposition or at trial. These designations are problematic because it is not clear from the designations what document is being discussed or whether a proper foundation has been laid for the witness to testify about that specific document. For example, NSP has designated Mr. Barrett’s testimony about the statements contained in a document generated by a group within OCRWM that did not include Mr. Barrett about studies that were undertaken by OCRWM.

> Q: Do you know what the, or are you familiar with the system study that is being referred to in this entry?
>
> A: Not this specific one.
>
> Q: Do you have a general understanding of the system study being referred to here?
>
> [Objection]
>
> A: There were various studies done in the eighties and also in the very early nineties on system performance rate, you know, what the costs were, schedules were, plausibility of them.
>
> Q: And these system studies looked at system issues, correct?
>
> A: Yes.

> Q: And am I correct that each one of these studies to which you've just referred confirmed an acceptance rate, an aggregate acceptance rate of 3,000 MTU per year?
>
> [Objection]
>
> A: I think its overstated to say it confirmed it. It showed that, you know, at 2,000 it does this, at 3,000 it does that, 4,000 it does something different. I don't know if they actually reached an absolute confirmation that 3,000 was the exact number, but generally they supported the system rate of 3,000 was a reasonable number.

Barrett Deposition, April 22, 2002, 197:4-197:22. It is unclear whether the document that Mr. Barrett was being asked about or the "various system studies" to which Mr. Barrett referred will be made part of the trial record. By including these designations, NSP is apparently trying to provide the Court with testimony about documents that the Court will not have the ability to review or evaluate. These designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be disregarded.[6] For these reasons, the designations that concern documents should not be admitted by the Court.

## V. ALTHOUGH MR. MORGAN'S PRIOR TESTIMONY CANNOT BE ADMITTED PURSUANT TO FRE 801(d)(2)(D), THE COURT SHOULD PERMIT BOTH PARTIES TO RELY UPON HIS PAST TESTIMONY PURSUANT TO RCFC 32(a)

Although NSP cannot properly introduce Mr. Morgan's past testimony pursuant to FRE 801(d)(2)(D) because he was not a Federal employee at the time of that testimony, the Court should permit both parties to introduce portions of Mr. Morgan's past testimony, and to rely upon

[6] When we have been able to discern that the designated testimony concerns a document that may or may not be identified in the testimony excerpted, we have lodged a "best evidence" objection. See Attachment A.

that past testimony as substantive evidence, pursuant to RCFC 32(a) to preclude the need for Mr. Morgan, yet again, to travel to Washington, D.C., to testify regarding contract formation issues about which he has already repeatedly testified in several trials before this Court. As the Court is aware, the Government originally requested that the Court consolidate the SNF cases, in part to permit for coordinated discovery and to permit former Federal employees, like Mr. Morgan, to testify once, and only once, regarding matters that are relevant in all of the SNF cases. The Court did not grant the Government's request, and, as a result, Mr. Morgan, who was involved in the formation of the Standard Contract at issue in this case, has now testified in the trial of the three Yankee Atomic cases, the Tennessee Valley Authority trial, and the recent trial in Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C (Fed. Cl.). He was also extensively deposed in the coordinated discovery proceedings about his work at the Department of Energy prior to his retirement in 1988. Given Mr. Morgan's age, the fact that he retired from Federal service approximately 18 years ago, and the repetitive and duplicative nature of the testimony that is being sought from him in individual SNF cases, it is certainly appropriate to allow both parties (not only NSP) to introduce relevant portions of Mr. Morgan's extensive past testimony regarding the contract formation issues, rather than to make Mr. Morgan, once again, repeat his prior testimony about contract formation. Given the SNF plaintiffs' opposition to allowing for a consolidated hearing or trial to resolve rate issues, and their insistence that they wanted individual trials in which the Government would be required to relitigate on a continual basis the same contract formation issues, the Court should invoke RCFC 32(a)(3) to allow both the Government and NSP to designate portions of Mr. Morgan's testimony in lieu of live testimony.

## VI. NOTWITHSTANDING NSP'S FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony that NSP has designated to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony, the Government requests that the Court consider the Government's counter-designations from these same depositions. FRE 106. Further, to the extent that the Court allows NSP to designate testimony for Messrs. Kouts, Morgan, Pollog, Zabransky, who are currently expected to testify at trial, the Government requests that the Court preclude any cross-examination by NSP on the matters covered by those designations and allow the Government provide counter-designations for these individuals at a later date. The Government's objections and counter-designations are identified in Attachment A to this motion.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony that NSP has designated or, in the alternative, that the Court rule upon the objections and admit the Government's counter-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3315
Fax: (202) 307-2503

:
OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington, D.C. 20585

ANDREW P. AVERBACH
ALAN J. LO RE
STEPHEN FINN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

October 6, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 6th day of October 2006, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Andrew P. Averbach