OCT 1 0 2001

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY,<br><br>Plaintiffs,<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 98-126C,<br>98-154C, 98-474C,<br>98-483C, 98-484C,<br>98-485C, 98-486C,<br>98-488C, 98-614C,<br>98-621C, 99-447C,<br>00-440C, 00-697C,<br>00-703C, 01-115C,<br>01-116C, 01-249C<br><br>Judge Weinstein<br>(Discovery Judge) |

## DEFENDANT'S RESPONSES TO UTILITY PLAINTIFFS' JOINT FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order for coordinated discovery, filed on September 26, 2001, defendant, the United States, provides the following responses to the plaintiffs' joint first set of interrogatories.

## GENERAL OBJECTIONS

1. Defendant objects to each and every interrogatory to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant

**INTERROGATORY NO. 36**:

Identify the three individuals within DOE with the most knowledge regarding the Acceptance Rate referred to in the documents identified above and in these interrogatories.

**RESPONSE:**

Defendant objects to this interrogatory as vague because the specific documents are not identified and the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined. Finally, defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge about the Acceptance Rate, as defined by plaintiffs:

Lake Barrett, Alan Brownstein, James Carlson, Ron Milner, Nancy Slater-Thompson and Dave Zabransky.

**INTERROGATORY NO. 43**:

Identify the three individuals within DOE that have the most knowledge regarding the development and implementation of the Utility Queue.

**RESPONSE**:

Defendant objects to this interrogatory as vague because the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined. Defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time. Finally, defendant objects to the interrogatory because the term "Utility Queue" is vague and ambiguous, as stated in our General Objections.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the acceptance allocations identified in various documents:

Alan Brownstein, James Carlson, Ron Milner, Tom Pollog, Nancy Slater-Thompson, David Zabransky.

**INTERROGATORY NO. 45:**

Identify all individuals involved in the review of the Delivery Commitment Schedules submitted by Purchasers and all individuals who participated in preparing instructions, approving, disapproving, preparing and sending responses to the Delivery Commitment Schedules, including their role in same.

**RESPONSE:**

Defendant objects to this interrogatory as overly broad and burdensome because it requires defendant to identify all individuals.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the review of delivery commitment schedules:

Alan Brownstein, James Carlson, Tom Pollog, Nancy Slater-Thompson, Elissa Turner, David Zabransky.

**INTERROGATORY NO. 50:**

Identify the three individuals within DOE with the most knowledge of the schedule DOE would have followed had it begun to take SNF from Purchasers by January 31, 1998, pursuant to the Standard Contract.

**RESPONSE:**

Defendant objects to this interrogatory because it seeks purely speculative information that is irrelevant to the proceedings in these cases. The issues relevant to these cases involve identification of a schedule that the Court will apply to assess damages in these cases, not development of a speculative schedule of SNF acceptance and disposal that neither occurred nor was made part of the Standard Contract. Defendant further objects to this interrogatory as vague because the time period covered by the interrogatory is not defined. The program created to carry out the purposes of the NWPA has existed since 1983. The people with knowledge as to aspects of the program have changed over time. Defendant also objects to this interrogatory because the term "most knowledge" is not defined: Finally, defendant objects to the requirement to identify three individuals. The limitation of three is arbitrary and requires defendant to make choices regarding individuals who are knowledgeable that may not accurately reflect who is most knowledgeable for aspects of the program during certain periods of time.

Without waiving these objections, defendant states that the following individuals, to varying degrees, have been involved with and may have knowledge about the schedules DOE has considered:

Lake Barrett, Alan Brownstein, James Carlson, Susan Klein, Ron Milner, Tom Pollog, Nancy Slater-Thompson, David Zabransky.