IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHERN STATES POWER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-484C |
| | ) | (Judge Wiese) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO MR. WILLIAM D. PETERSON'S *PRO SE* MOTION TO INTERVENE AND COMPLAINT

Defendant, the United States, respectfully responds to the motion to intervene and complaint, dated April 7, 2007, that Mr. William D. Peterson, appearing pro se, submitted to the Court in this and 17 other spent nuclear fuel ("SNF") cases. For the following reasons, the Court either should return Mr. Peterson's motion unfiled or should deny Mr. Peterson's motion.[1]

---

[1] For the Court's information, the Court sua sponte returned Mr. Peterson's motion to intervene and complaint, unfiled, in the following 10 SNF cases, either because Mr. Peterson failed to show good cause as to the timeliness of his application pursuant to RCFC 24 or because final judgment or an order dismissing the case at the plaintiff's or the parties' request had already been entered in the case in which he attempted to submit his motion: (1) Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.) (Lettow, J.); (2) Commonwealth Edison Co. v. United States, No. 98-621C (Fed. Cl.) (Hewitt, J.); (3) Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.) (Merow, S.J.); (4) GPU Nuclear v. United States, No. 00-440C (Fed. Cl.) (Christine Miller, J.); (5) Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (Merow, S.J.); (6) Omaha Public Power District v. United States, No. 01-115C (Fed. Cl.) (Braden, J.); (7) PSEG Nuclear, L.L.C. v. United States, No. 01-551C (Fed. Cl.) (Futey, S.J.); (8) Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.) (Braden, J.); (9) Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.); and (10) Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.). Although no orders regarding Mr. Peterson's submission have been entered in Duke Power Co. v. United States, No. 98-485C (Fed. Cl.) (Wiese, S.J.), or Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.) (Hodges, S.J.), both of those cases are closed (the first having been dismissed following an amicable resolution of the case and the other through a final judgment entered in 2004), and we see no need to take further action regarding the submissions in those closed cases.

## DISCUSSION

### I. MR. PETERSON'S MOTION TO INTERVENE FAILS TO COMPORT WITH THE COURT'S RULES

As an initial matter, and as this Court has already noted in other cases in which Mr. Peterson attempted to file his motion and complaint, Mr. Peterson's submission does not comport with this Court's Rules. The submission in this case does not comply with Rule 5 of the Rules of this Court, as the attorney upon whom the "Certificate of U.S. Mailing" accompanying the submission identifies as the "Attorney To Be Noticed" was not the attorney of record in this case on the date of service. Further, the submission does not comply with RCFC 5.1 or 5.2, given that the motion to intervene (with its accompanying memorandum), which exceed 10 pages in length, does not contain accompanying tables of contents and authorities. In addition, although we do not possess information regarding the manner in which Mr. Peterson submitted his motion to intervene and complaint with the Court, the Court in PSEG Nuclear LLC v. United States, No. 01-551C (Fed. Cl.), noted that Mr. Peterson's submission does not comply with RCFC 5.3. Nevertheless, because we received copies of Mr. Peterson's submission in a timely manner, and in light of Mr. Peterson's pro se status, we will address the merits of whether Mr. Peterson's motion to intervene should be granted.

---

The active cases before this Court in which Mr. Peterson submitted his motion and complaint, but in which the Court has not yet addressed the submissions, are (1) Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.); (2) Nebraska Public Power District v. United States, No. 01-116C (Fed. Cl.); (3) Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.); (4) Power Authority for the State of New York v. United States, No. 00-703C (Fed. Cl.); (5) Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.); and (6) Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.). We are filing this or a substantially similar response to Mr. Peterson's motion to intervene in each of those six cases.

## II. MR. PETERSON'S REQUEST TO INTERVENE IS UNTIMELY

Mr. Peterson has identified no viable basis upon which to intervene in this action or any of the other SNF cases. Intervention as a matter of right in a case before this Court is governed by RCFC 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). The Court's Rules also provide for permissive intervention under the following conditions:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

RCFC 24(b).

Mr. Peterson does not specify whether he is seeking to intervene as a matter of right or whether his request for intervention is permissive. In either case, RCFC 24 requires that he make a "timely application" to intervene. This Court has recognized that "[t]he United States Court of Appeals for the Federal Circuit requires the trial court to evaluate three factors in determining whether an intervention is timely: '(1) the length of time during which the would-be intervenor[s] actually knew or reasonably should have known of [their] right[s;] (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to

the would-be intervenor[s] by denying intervention [;] (3) existence of unusual circumstances militating either for or against a determination that the application is timely.'" Management Solutions & Sys., Inc. v. United States, No. 07-07C, 2007 WL 1031707 (Fed. Cl. March 30, 2007) (quoting Belton Indus., Inc. v. United States, 6 F.3d 756, 762 (Fed. Cir. 1993)); see John R. Sand & Gravel Co. v. United States, 59 Fed. Cl. 645, 649 (2004) (applying same factors to timeliness requirement for intervention). Here, the cases in which Mr. Peterson seeks to intervene were filed between 1998 and 2001. He has waited between six and nine years after the plaintiffs in these cases filed their original complaints to seek to intervene, and he has not identified any "unusual circumstances" warranting his intervention in the SNF cases after such a delay.

Further, in two of the six cases in which Mr. Peterson's motion remains pending, Northern States and Southern Nuclear, trial is already complete, and trial is scheduled to commence in five months, with discovery previously having closed, in another, Wisconsin Electric. In the three other SNF cases in which Mr. Peterson's motion to intervene remains pending (specifically, in Nebraska Public Power, Florida Power, and Power Authority), extensive briefing on dispositive or partially dispositive motions were previously filed, and significant orders regarding the development of substantive issues in those cases have been issued. In addition, all six of the cases in which Mr. Peterson's motion remains pending were a part of the coordinated discovery proceedings for the then-pending SNF cases, and discovery on the issues covered by those proceedings was completed long before Mr. Peterson sought to intervene. Mr. Peterson's motion is not timely, and it would prejudice the parties to add him to the proceedings at this point in time.

III. EVEN IF HIS APPLICATION WERE TIMELY, MR. PETERSON HAS IDENTIFIED NO VIABLE BASIS UPON WHICH TO INTERVENE

Even if timely, Mr. Peterson has identified no basis upon which he would be entitled to intervene in this case. To the extent that he claims entitlement to intervene as a matter of right, he has identified no statute that confers "an unconditional right to intervene." RCFC 24(a). Although an entity may alternatively intervene as a matter of right (assuming timely application) where the entity, in addition to other requirements, identifies an interest "relating to the property or transaction which is the subject of the action," RCFC 24(a), this particular lawsuit relates to the plaintiff's claim for damages resulting from the Department of Energy's delay in accepting this plaintiff's SNF pursuant to the plaintiff's Standard Contract. Although Mr. Peterson makes various allegations challenging the propriety of Yucca Mountain and encourages this Court to impose the "Peterson 300-year solution" as an alternative to permanent repository disposal, his allegations and requests are unrelated to the issues to be resolved in this case: whether DOE breached the plaintiff's contract by delaying the acceptance of the plaintiff's SNF and, if so, the amount of any damages that the Government owes the plaintiff for that delay.

"Intervention [as a matter of right] is proper only to protect those interests which are 'of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment.'" American Maritime Transport, Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (quoting United States v. American Telephone & Telegraph Co., 642 F.2d 1285, 1292 (D.C. Cir. 1980)) (italics in original). "The interest may not thus be either indirect or contingent." Id. Mr. Peterson's interest here "is indirect, because no consequence to [him] flows immediately from a [Court of Federal Claims] ruling, and contingent

because of the uncertainty that other events will actually follow, causing [Mr. Peterson] to suffer any harm." Id.

"The interest must also be 'a legally protect[a]ble interest.'" Id. (quoting Westlands Water Dist. v. United States, 700 F.2d 561, 563 (9th Cir. 1983)). "The requirement of a 'legally protectable interest' . . . has been held to require something more than merely an economic interest." Id. at 1262. "What has been required is that 'the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant.'" Id. (quoting New Orleans Public Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 464 (5th Cir. 1984)) (emphasis in original). "Nor does a general interest in promoting what a would-be intervenor regards as 'enlightened public policy' qualify as a legally protectable interest belonging to the applicant." Id. "The interest of an applicant non-party having no privity claim in a contract, the terms of which are disputed by the parties to it, also has not been recognized as legally protectable, even when the outcome of the contract action is almost certain to have a significant and immediate economic impact on the applicant." Id. Here, Mr. Peterson's request that this Court "should and can do more than just make a monetary damage settlement between [the Department of Energy ('DOE')] and the utilities," see Memorandum ¶ 46 (Apr. 7, 2007), is distinct from the particular issues in this case; Mr. Peterson has identified no "legally protectable interest" in the outcome of this lawsuit; and he has identified no basis upon which this Court would possess jurisdiction to entertain the type of declaratory relief that he apparently envisions.[2]

---

[2] Further, before he could intervene as a matter of right after identifying an interest "relating to the property or transaction which is the subject of the action," Mr. Peterson would also have to show that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." RCFC 24(a). Here, he has not identified how payment of the SNF plaintiffs' damages claims somehow impairs his ability to pursue the

To the extent that he is claiming that the Court, in its discretion, should permit him to intervene, Mr. Peterson has identified no "statute of the United States confers a conditional right to intervene," which is one of the two bases upon which RCFC 24(b) permits the Court to consider permissive intervention. With regard to the second basis for permissive intervention, RCFC 24(b)(2) "requires the proposed intervenor have a claim or defense that raises a question of law or fact in common with the present action." Honeywell Int'l, Inc. v. United States, 71 Fed. Cl. 759, 768 (2006). "[S]haring the same objective is not the same as sharing questions of fact or law." John R. Sand, 59 Fed. Cl. at 657. Here, as previously discussed, the issues relate to whether DOE breached the plaintiff's Standard Contract and whether the plaintiff is entitled to damages, which are not the "question[s] of law or fact" that Mr. Peterson seeks to raise here. Further, "where a plaintiff has sued the United States and an applicant seeks to intervene as a defendant, courts have found permissive intervention to be inappropriate because the applicant does not have a claim against the United States." Id. at 658; see Karuk Tribe v. United States, 27 Fed. Cl. 429, 432 (1993) (denying permissive intervention because "the applicant-intervenors do not have a claim or defense against the United States" and the "court entertains suits against the government"). "These rulings stem from the nature of this court's jurisdiction," which, outside the context of bid protests, is generally limited to monetary claims against the United States. John R. Sand, 59 Fed. Cl. at 658. Mr. Peterson has identified no basis for permissive intervention in this case.

---

"Peterson 300-year solution."

CONCLUSION

For the foregoing reasons, we respectfully request that the Court return Mr. Peterson's submission unfiled or, in the alternative, deny Mr. Peterson's motion to intervene.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Andrew P. Averbach by s/ Harold D. Lester, Jr.
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0527
Fax: (202) 307-2503

April 26, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 26th day of April, 2007, a copy of foregoing "DEFENDANT'S RESPONSE TO MR. WILLIAM D. PETERSON'S *PRO SE* MOTION TO INTERVENE AND COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, I have caused to be served by overnight courier (Federal Express, for next-business-day delivery) copies of the foregoing "DEFENDANT'S RESPONSE TO MR. WILLIAM D. PETERSON'S *PRO SE* MOTION TO INTERVENE AND COMPLAINT," as follows:

MR. WILLIAM D. (BILL) PETERSON
P&A Engineers
68 W. Malvern Avenue
Salt Lake City, Utah 84115-3025

s/ Harold D. Lester, Jr.