# In the United States Court of Federal Claims

No. 98-484C
Filed: September 27, 2007

| | |
|---|---|
| NORTHERN STATES POWER CO., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

REGARDING DEFERRED RULINGS

On September 28, 2004, this court issued an order deferring, until the conclusion of a trial on damages, rulings on certain dispositive motions, specifically:

(i) defendant's November 30, 2001, motion for partial summary judgment regarding the rate of spent nuclear fuel acceptance;

(ii) plaintiff's December 13, 2002, cross-motion for partial summary judgment on the acceptance rate;

(iii) defendant's November 28, 2001, motion for partial summary judgment regarding plaintiff's "Greater Than Class C radioactive waste" argument; and

(iv) defendant's November 27, 2001, motion to dismiss Count III ("Taking Without Just Compensation") of plaintiff's first amended complaint.

The court deferred ruling on these motions with the expectation that the issues they raised would benefit from a more comprehensive factual presentation at trial.

Approximately one year later, however, on September 9, 2005, the Federal Circuit issued its decision in Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1374 (Fed. Cir. 2005), holding, on facts parallel to those presented here, that Indiana Michigan "had no choice but to hold the government to the terms of the Standard Contract while suing for partial breach." In so ruling, the court of appeals recognized that in order for Indiana Michigan to retain its NRC operating license, the utility was statutorily required to remain a party to the Standard Contract. Thus, Indiana Michigan could not elect to treat DOE's default as an anticipatory repudiation of the contract as a whole, thereby justifying a suit seeking damages for a total breach, but was instead limited to a suit for partial breach. And with this limitation in mind, then, the court of appeals went on to say: "If the breach is partial only, the injured party may recover damages for nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance." Id. at 1376 (emphasis omitted). Pursuant to this decision, damages that arise in the future will have to be sought in later-filed, separate actions as those damages are incurred.

As a result of this ruling, Northern States filed an amended and supplemental complaint on January 27, 2006, seeking the recovery of damages only through December 31, 2004. Consequently, the trial that followed, now limited in scope, did not address the issue raised in defendant's November 28, 2001, motion concerning the "Greater Than Class C radioactive waste." Further, while the evidence presented at trial did bring out facts related to the acceptance rate issue (the issue addressed in the parties' cross-motions of November 30, 2001, and December 13, 2002), the court found the resolution of that issue unnecessary to the time-limited damages question raised at trial. Finally, regarding plaintiff's takings claim (addressed in defendant's motion of November 27, 2001), the court ruled at trial that plaintiff's proof failed to establish a taking with respect to any facts occurring through December 31, 2004.

Based on the foregoing, the court now formally denies the above-identified motions without prejudice to their reassertion at a later date based on a different set of facts.

s/John P. Wiese
John P. Wiese
Judge