# In the United States Court of Federal Claims

No. 98-484C
Filed: December 12, 2007

| | | |
|---|---|---|
| NORTHERN STATES POWER CO., | ) | RCFC 59(a)(1); motion for reconsideration of decision determining damages in a suit for partial breach of contract for disposal of spent nuclear fuel. |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

Alex D. Tomaszczuk, Pillsbury Winthrop Shaw Pittman LLP, McLean, Virginia, attorney of record for plaintiff. Jay E. Silberg, Daniel S. Herzfeld, and Jack Y. Chu, Pillsbury Winthrop Shaw Pittman LLP, and Kerry C. Koep, Xcel Energy, of counsel.

Andrew P. Averbach, with whom were Assistant Attorney General Peter D. Keisler, Director Jeanne E. Davidson, and Assistant Director Harold D. Lester, Jr., Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant. Jane K. Taylor, Department of Energy, and Alan J. Lo Re, Marian Sullivan, Stephen P. Finn, and Joshua E. Gardner, Commercial Litigation Branch, Civil Division, Department of Justice, of counsel.

---

**ORDER**

**DENYING MOTION FOR RECONSIDERATION**

---

On September 26, 2007, this court entered a decision awarding plaintiff $116,485,000, for damages incurred in mitigation of defendant's breach of a contract requiring the Department of Energy to begin the pick-up and storage of plaintiff's spent nuclear fuel no later than January 31, 1998. Defendant has moved for reconsideration of that decision under RCFC 59(a)(1) and plaintiff has filed a response in opposition. The court has considered the issues raised by defendant and, for the reasons set forth below, concludes that reconsideration is unwarranted.

I.

In the evaluation of a motion for reconsideration, courts are guided by the general understanding "that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved; no society can afford forever to question the correctness of its every judgment." Withrow v. Williams, 507 U.S. 680, 698 (1993). Informed by this principle, courts will grant reconsideration only upon a showing that (i) there has been an intervening change in law; (ii) previously unavailable evidence is now available; or (iii) it is necessary to correct a clear error of law or prevent a manifest injustice. Pacific Gas and Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003). Defendant attempts to bring its motion within this framework by claiming that the court's opinion contains several fundamental factual and legal errors and fails to address several issues that are necessary to resolve the parties' dispute, and hence, that reconsideration is essential to avoid a manifest injustice. Although we recognize the seriousness with which defendant presses its arguments, the court nevertheless concludes that a fair and balanced reading of its opinion could not reasonably support the assertions defendant now puts forward. Given this assessment, we deem it sufficient to make only the following observations.

Contrary to defendant's assertion, the court did not depart from the requirements of causation and foreseeability recently affirmed in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005). We read that case, and indeed all of the relevant case law, as requiring a plaintiff to prove that the injury of which it complains both was caused by the defendant's breach and was a foreseeable result of that breach. In the instant case, we found that the injury asserted by plaintiff—the need to provide alternative storage for its spent nuclear fuel—was caused by DOE's failure to perform in a timely manner and that the utility's efforts to secure alternative storage were a foreseeable consequence of DOE's inaction. Once such a showing has been made, we believe that the costs associated with all legitimate efforts to ameliorate the breach-induced harm—be it compliance with legislatively imposed mandates, investment in a proposed private storage facility, or the expenditure of labor and overhead resources—are recoverable so long as the court finds them reasonable. That was the case for each element of damages awarded here.

Nor do we accept defendant's various challenges to our conclusion that plaintiff would, in the absence of the breach, have addressed its own storage needs through reracking rather than through the construction of a dry storage facility. While defendant maintains that the technology was not then available to increase plaintiff's storage capacity by 30 percent and that plaintiff would not, in any event, have chosen that option (both because it potentially compromised the safety of its employees and because it did not afford a sufficient margin of error), we believe the evidence suggests otherwise. Plaintiff's employees testified that given the cost and regulatory advantages reracking held over dry storage, the utility would have

investigated and ultimately chosen a third reracking to meet its short-term storage needs. Similarly, we believe the $12.5 million offset calculated by the court to reflect the cost of a third reracking was both supported by the evidence and fell well within the $2.8 million to $14.6 million range of other reracking projects conducted during that time-frame.

As a final matter, we must reject defendant's contention that the $562,500 payment to the Mdewakanton Dakota Tribal Community is unrecoverable because the payment was not due until 2005, i.e., after the damages cutoff date of December 31, 2004. It is undisputed that the payment was in fact made in 2004 and is therefore properly included in plaintiff's damages.

II.

For the reasons set forth above, defendant's motion for reconsideration of the court's September 26, 2007, opinion is denied.

s/John P. Wiese
John P. Wiese
Judge